## No. 10,033.

## Parsons et al. *v*. Parsons.

Decided April 4, 1921.

Proceedings by wife to share in the estate of her husband who died during the six months period between the trial of a divorce action and the time when the decree of divorce would be entered. Petition for widow's allowance granted.

### *Reversed.*

1. Divorce and Alimony—*Statute—Constitutionality.*   Sec. 10, chap. 65, S. L. 1917, providing *inter alia*, that the death of either party to a divorce proceeding before the expiration of six months after findings are made by the court and before entry of the absolute decree, shall operate automatically to grant an immediate divorce to the party entitled thereto, held, not in violation of sec. 25, art. 5 of the state constitution, regarding the granting of divorces, nor of art. 3, pertaining to the exercise of powers of one department of state, by another.

2.          *Death of One Party.*   Where the husband died within the six months period from the filing of findings of fact and conclusions of law by the court in a divorce action, a divorce in the wife's favor became absolute on his death.

3. Probate Law—*Divorced Wife.*   A divorced wife is not, and cannot be the widow of him from whom she was divorced.

*Error to the County Court of Montrose County, Hon. S. S. Sherman, Judge.*

Mr. John L. Stivers, for plaintiffs in error.

Messrs. Catlin & Blake, for defendant in error.

*En banc.*

Mr. Justice Allen delivered the opinion of the court.

On December 23, 1920, the defendant in error, Minnie M. Parsons, filed in the county court of Montrose County,

in the matter of the estate of Henry R. Parsons, deceased, her petition for a widow's allowance and for a decree providing "that she inherit as the widow of said H. R. Parsons, and be entitled to one half of the estate of said H. R. Parsons, deceased."

The application for widow's allowance was granted by the court, and certain heirs of Henry R. Parsons deceased, who are adversely affected by the court's ruling, bring the cause here for review. The petition in so far as it asks for an order that petitioner is entitled to inherit as a widow was denied as premature, and the defendant in error. assigns cross-error to the court's ruling in that respect.

The principal question presented for our determination is whether the defendant in error was, at the time of the filing of her petition, a widow of Henry R. Parsons, deceased, so as to be entitled to a widow's allowance and to inherit as a widow. The facts giving rise to the controversy are as follows:

On March 9, 1918, the defendant in error brought an action in the district court of Montrose county against her husband for divorce. On April 17, 1918, Henry R. Parsons, the defendant in the divorce action, filed his answer, and by agreement the cause was tried that day. On April 18, 1918, the court made and caused to be filed its findings of fact and conclusions of law in favor of the plaintiff, reciting, among other things:

"that the plaintiff shall, at the expiration of six months from the date of the filing hereof by the clerk, be entitled to a decree of divorce, providing these findings of fact and conclusions of law have not been set aside and no motion to set them aside remains unheard and undecided."

On October 13, 1918, which was four days before the expiration of the six months following the filing of the findings of fact and conclusions of law, Henry R. Parsons, the defendant, died. No application has ever been made to set aside the findings of fact and conclusions of law, nor

any order entered to that effect, and no final decree of divorce has ever been entered.

The plaintiffs in error contend that the defendant in error has the status of a divorced wife, just as she would have if a final decree of divorce had been granted and entered in her favor in the divorce action. It is claimed that this situation arises by reason of the provisions of section 10, chapter 65, Session Laws of 1917, which, so far as material here, reads as follows:

"Section 10. * * * The court shall make and sign written findings of fact and conclusions of law in the case, and shall cause the same to be filed with the clerk of the court. No decree of divorce shall be granted until the expiration of six months from the day on which such findings of fact and conclusions of law were filed by the clerk of the court and any divorce granted before the expiration of the said six months shall be null and void; *Provided, however,* that the death of either party before the expiration of the said six months after the findings of fact shall operate automatically so as to grant immediate and absolute divorce to the party to whom the divorce might have been granted had the full period of six months expired. * * *"

The foregoing statutory provision is, by counsel for defendant in error, assailed as unconstitutional.

Section 25, Article 5, of the state constitution provides that:

"The general assembly shall not pass local or special laws in any of the following enumerated cases, that is to say; For granting divorces. * * *"

The statute is not one of "granting divorces," within the meaning of the constitutional provision above quoted. Furthermore, the statute operates uniformly on every person who is brought within the relations and circumstances provided for, and is, therefore, a general and not a special or a local law. 25 R. C. L. 816, sec. 66. In *State v. Duket,* 90 Wis. 272, 63 N. W. 83, 48 Am. St. Rep. 928, 31 L. R. A. 515, a statute providing that a sentence of imprison-

ment for life shall dissolve the marriage of the person sentenced without any judgment of divorce or other legal process was held not to be in conflict with a constitutional provision against legislative divorces.

The main objection to the statute appears to be based on the proposition that it is an attempt by the legislature to exercise authority properly within the scope of the judicial power, and therefore in violation of Article 3 of the state constitution, which reads as follows:

"The powers of the government of this state are divided into three distinct departments,—the legislative, executive and judicial; and no person or collection of persons charged with the exercise of powers properly belonging to one of these departments shall exercise any power properly belonging to either of the others, except as in this constitution expressly directed or permitted."

The divorce statute gives to the findings of fact and conclusions of law the effect of a final decree of divorce, in case of the death of one of the parties. This does not result in depriving any person of his day in court, nor does it affect property rights without due process of law, since the findings of fact and conclusions of law in divorce actions are made and filed only after trial of the cause upon its merits. The statute leaves judicial functions in divorce matters with the courts; the determination of all issues of law and fact, and of rights and obligations with reference to past transactions is still left to the court. The statute, in cases arising after its enactment, gives to a party who has been adjudged by a court to be entitled to a divorce, the status of one having obtained a divorce. In this respect the statute is analogous to certain curative acts which have been upheld as a proper exercise of the legislative power, because "they do not declare or determine, but only confirm rights." See 12 C. J. 821, sec. 273. In 12 C. J. 807, sec. 239, it is said:

"The distinction between the functions of the legislative and the judicial departments is that it is the province of the legislature to establish rules that shall regulate and

govern in matters or transactions occurring subsequent to the legislative action, while the judiciary determines rights and obligations with reference to transactions that are past or conditions that exist at the time of the exercise of judicial power."

Applying to the statute the test laid down in the foregoing quotation, we cannot see that it is an encroachment upon the judiciary, and therefore hold it to be constitutional.

There is no valid objection to the statute if it is regarded also as the equivalent of a judgment against a deceased party. Such judgments are not void or open to collateral attack where the court had acquired jurisdiction of the subject matter and the persons, during the life time of such party. 23 Cyc. 678.

For the reasons above stated, the defendant in error had the status of a wife absolutely divorced from her former husband, Henry R. Parsons, at the time she filed her petition. A divorced wife is not, and cannot be, the widow of him from whom she was divorced. 40 Cyc. 934; *O'Malley v. O'Malley*, 46 Mont. 549, 129 Pac. 501, Ann. Cas. 1914B, 664. The court erred in granting the widow's allowance.

The judgment is reversed and the cause remanded with directions to dismiss the petition.

MR. CHIEF JUSTICE SCOTT not participating.