(126 So. 502)

No. 27272.

## CONTINENTAL BANK & TRUST CO. v. SOVEREIGN CAMP, W. O. W.

Feb. 3, 1930.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, for appellant.

Cook & Cook, of Shreveport, for appellee.

ROGERS, J. The plaintiff company is the tutor of the three minor children of E. L. Harper, Jr., who died on April 22, 1923. Harper was married twice; his surviving children being the issue of his first marriage. At the time of his death he was a member of the Sovereign Camp, Woodmen of the World, holding a mutual benefit certificate for $3,000 in that society. Harper's first wife died in the year 1915, and his second wife survived him. The latter made proof of death, and, as the beneficiary, claimed the avails of the certificate issued by the defendant. Payment was accordingly made to her, and this suit was subsequently filed to recover the amount of the certificate for the benefit of the minor children of the decedent.

The defendant filed numerous exceptions, which were overruled. Defendant then answered, and called in warranty the second Mrs. Harper, who answered the call. Judgment was rendered on the face of the pleadings in favor of plaintiff against defendant for $2,225.12, being three-fourths of the

amount called for by the benefit certificate, less $33.18 for unpaid dues and assessments, and in favor of defendant against its warrantor for a like sum. Defendant has appealed, and the plaintiff has answered the appeal, praying for an increase of the judgment to the full amount sued for.

■ Defendant has filed an assignment of alleged errors committed by the court below in overruling its several exceptions and in rendering judgment in plaintiff's favor. The exceptions were neither argued nor referred to on the hearing before us; hence we take it they have been abandoned, and will not consider them. On the merits, the sole question for decision is whether the certificate issued by the defendant is wholly payable to the widow or to the children of Harper, or to the widow and children in equal shares.

The clause in the certificate designating the beneficiary thereunder reads as follows, viz.: "Three thousand dollars should his death occur after the second year of his membership, payable at his death to Mrs. E. L. Harper, Jr., bearing relation to him of wife, by the Sovereign Camp of the Woodmen of the World."

Section 55 (b) of the constitution and laws of the defendant contains the following provision, which is made a part of the insurance contract by reference, viz.:

"In the event of the death of all the beneficiaries designated before the death of the member, if no new designation has been made, the benefits shall be paid to the surviving widow and surviving children of the member, share and share alike. * * *"

E. L. Harper, Jr., the deceased, took out the certificate for $3,000 in the year 1909, designating his mother, sister, and brother as the beneficiaries therein. In June, 1912, Harper made application for and obtained a new certificate, revoking his former designation of beneficiaries, and naming "Mrs. E. L. Harper, Jr., bearing relation to me as wife," as the sole beneficiary. At the time the new certificate was issued, Mrs. Martha Ratcliff Harper, the mother of the children for whose benefit this suit was brought, was his wife. Mrs. Martha Ratcliff Harper died, as hereinbefore stated, in the year 1915. Subsequently E. L. Harper, Jr., married Mrs. Carrie May Harper, who survived him, and who, as his widow, received the proceeds of the certificate in question.

■ It is generally held that, under a mutual benefit certificate payable to the insured's wife, the designation of the beneficiary is by a class, and not by an individual name, so that the person described as wife must be ascertained at the time of the insured's death. See annotation to Modern Woodmen v. Allin, 20 A. L. R. page 959 et seq. If, therefore, in the case before us, the beneficiary was merely designated as the wife, without any other description, of the insured, we would be constrained to hold in favor of the second wife against the children of the first wife. But, it seems to us, in deciding this case, we should be governed by the surroundings of the parties and the circumstances under which the certificate was issued, taken in connection with the plain meaning of the beneficiary clause.

At the time the insured took out the original certificate, he was unmarried, and he designated as the beneficiaries thereunder his mother, sister, and brother. This was in 1909. After the insured married, which was in 1912, three years later, he surrendered the old certificate, and obtained a new certificate in which he caused the beneficiary to be designated as "Mrs. E. L. Harper, Jr., bearing relationship to me as wife."

In these circumstances, it will hardly do, we think, to hold that the insured, in taking out the certificate herein sued on, had in mind when he designated the beneficiary therein the person who might be his wife at the time of his death, regardless of whether she was, in point of fact, his wife at the time the certificate was issued.

The change which the insured caused to be effected just after his marriage from the original beneficiaries, his mother, sister, and brother, to the new beneficiary, Mrs. E. L. Harper, Jr., bearing the relationship to him of wife, clearly shows that he had in mind and was speaking of the person who was his wife at that time.

This view of the insured's state of mind at the time the certificate was issued is strengthened by the reflection that he could reasonably be supposed to have in contemplation the birth of children as the result of his marriage. In that case, and in the event the mother of the children survived him, it was wholly reasonable for the insured to conclude, as undoubtedly he did conclude, that the children would benefit under the policy as well as their mother. On the other hand, it is utterly unreasonable to suppose that the insured had in mind at the time a possible second marriage, as the result of which he would be survived by a second wife who would take under the certificate, to the exclusion of his children by his first marriage.

If it be said that the insured may have considered the contingency of a second marriage, then it may also be said, with equal reason, that he also considered that, under the by-laws of the insurer, the needs of his second wife as well as the needs of his children by his first wife would be provided for.

It is conceded that, if the certificate had been made payable to Mrs. Martha Ratcliff Harper, Jr., who was the first wife of the insured, such a designation would have been sufficient to constitute the person named as the insured's beneficiary.

But the designation in the certificate of Mrs. E. L. Harper, Jr., as the beneficiary thereunder, was the designation of a specific person, for it cannot be gainsaid that, at the time the certificate was issued, Mrs. Martha Ratcliff Harper, Jr., was the same person who was also known and designated as Mrs. E. L. Harper, Jr.

There was no change of the beneficiary after the death of the insured's first wife.

The by-law of the insurer which we have hereinbefore quoted provides that, in the event of the death of the beneficiary designated in the certificate, the benefits thereunder "shall be paid to the surviving widow and surviving children, share and share alike." A widow, Mrs. Carrie May Harper, Jr., and three children, issue of his first marriage, survived the insured, E. L. Harper, Jr.

The court below held that under the by-law in question the insured's widow was entitled to share equally with the insured's children in the proceeds of the certificate. Although the children have answered the widow's appeal and ask that the judgment in this respect be reversed, they do not seriously question its correctness.

■ There is a distinction between the expressions "widow" and "wife," and neither can be used to express the status of the other. The term "widow," as used in the designation of a beneficiary in a certificate or in a by-law relating thereto, refers to the person occupying that status upon the death of the insured. See annotation to Modern Woodmen v. Allin, 20 A. L. R. p. 961 et seq.

■■ Undeniably, the defendant in warranty here, Mrs. Carrie May Harper, Jr., is the

insured's widow, and it is the widow who is to share in the proceeds of the insurance certificate. It is plain that this is what the insured desired, because we must presume that he was familiar with the by-laws of the society. Since the insured's widow could participate in the fund only upon the death of the beneficiary, who was the insured's wife, it is manifest that the beneficiary was not the widow within the protection of the by-law of the insurer.

Our conclusion is that the court below correctly determined the issues between the parties litigant.

For the reasons assigned, the judgment appealed from is affirmed.