## DUERSON v. SOVEREIGN CAMP, W. O. W.*

### No. 4658.

Court of Appeal of Louisiana. Second
Circuit.

Feb. 5, 1934.

W. M. Phillips and C. F. Currier, both of
Shreveport, for appellant.

Lewell C. Butler, of Shreveport, for appellee.

MILLS, Judge.

G. K. Duerson, Sr., was, until November.1, 1931, a member in good standing of the Sovereign Camp of the Woodmen of the World, a fraternal benefit society. As such he was the holder of a life insurance certificate for :$1,000, which contained a proviso that if a :member, "while the certificate is in full force and effect," is disabled "and shall furnish :satisfactory proof to the society of that fact, :he shall have the option of surrendering the ·certificate and receiving one-half of its face value as a permanent total disability benefit."

Failing to pay his dues for the month of 'October, 1931, the insured was, on November 1, 1931, suspended after.that date and his certificate voided.

While in good standing in April, 1931, insured suffered a permanent total disability due to high blood pressure, hardening of the arteries, and chronic Bright's disease which, if claim and proof had been timely made, would have entitled him to the optional benefit of $500. But he made no claim and proof until May 30, 1932, seven months after his suspension and the voiding of the certificate. The camp refusing to pay because of this tardiness, the insured brings this suit claiming the $500 disability benefit, double indemnity, interest, and attorney's fees. As the lower court rejected his demand, he is now appealing, but abandons the claim for double indemnity and attorney's fees.

On the face of the certificate it appears that he should recover, as it fixes no time for the furnishing of proof, only requiring that the disability occur "while the certificate is in full force and effect."

The certificate provides, in large type on the front page, that it "is issued and accepted subject to all the conditions set forth herein and the provisions of the Constitution and Laws in relation to membership on the second and third pages hereof. The articles of incorporation and the Constitution and Laws of the society, and all amendments to each thereof which may be made hereafter, the application for membership and medical examination, signed by the applicant, herein named as member, as approved by the Sovereign Physician of this society, and this certificate shall constitute the agreement between the society and the member, and copies of the same certified by the Sovereign clerk, shall be received in evidence as proof of the terms and conditions thereof. Any changes, additions or amendments to the Articles of Incorporation, or the Constitution and Laws, made subsequent to the issuance of this certificate, shall bind the member named herein and his beneficiaries, and shall govern and control the agreement in all respects the same as though such changes, additions or amendments were in force at the time of the application for membership and were written herein."

This clause is plain notice that the certificate is not the whole contract; that the constitution and laws are subject to changes; that any such changes are binding upon the member.

It is conceded that Act No. 52 of 1906, as amended by Act No. 227 of 1916, requiring an insurance policy to contain the entire contract between the parties, does not apply to fraternal benefit societies. Brown v. Continental Casualty Co., 161 La. 229, 108 So. 464, 45 A. L. R. 1521.

There is a discrepancy between the certificate and the copy of the constitution and laws filed in evidence. The latter reads: "Any member whose certificate so provides, and who, while younger than sixty years of age, and while the certificate is in full force and effect, shall furnish satisfactory proof" he has suffered permanent disability, is entitled to disability benefit. Therefore, under its provisions, the claim comes too late.

The agreed statement of facts does not in-

form us, and it is not material, whether the difference in the wording is due to change or error.

Plaintiff urges a plea of estoppel filed in this court, based upon the allegation that he relied upon the terms of the certificate and was misled into believing that his claim could be made after the certificate had lapsed. There is no proof in this record to support the allegation. The certificate shows on its face that it is subject to change and that its holder could not rely in 1931 upon the wording of the constitution as appearing in a certificate issued in 1920. Furthermore, it is held in the case of Continental Bank & Trust Co. v. Sovereign Camp, W. O. W., 169 La. 989, 126 So. 502, that the court must presume that a member was familiar with the by-laws of the society.

A plea of estoppel filed by defendant, also in this court, based upon the fact that in an application for reinsurance in the defendant society made subsequent to the date of disability, the plaintiff stated that he was in good health, cannot be sustained, as it is not shown that it was in any way acted upon so as to change the position of defendant.

For the reasons assigned above we find the rights of the parties are determined by the terms of the constitution; that under them the lower court correctly found in favor of defendant.

The judgment appealed from is accordingly affirmed.

DREW, J., concurs.