## MORRIS v. PROVIDENTIAL LIFE & ACCIDENT INS. CO. et al.

### No. 1513.

Court of Appeal of Louisiana. First Circuit.

June 29, 1935.

Benj. W. Miller, of Bogalusa, for appellant.

Talley & Cassidy, of Bogalusa, for appellee Anna Lee Morris.

DORE, Judge.

This is a contest over the proceeds of a life insurance policy. The defendant insurance company, in 1930, wrote a policy on the life of one Elijah Morris, to the amount of $250, wherein "Anna Lee Morris (wife)" was designated as beneficiary. The insured died on or about June 1, 1934. The plaintiff is claiming the proceeds by reason of being the lawful wife of the deceased, as against Anna Lee Bernard (Morris), the party designated as beneficiary. The defendant insurance company appeared, and in answer to the demand of plaintiff deposited the proceeds in court subject to be paid to the person decreed to be entitled to.

The plaintiff alleges that at the time of the issuance of the policy, she was the lawful wife of the insured; that at that time, the insured was living in concubinage with Anna Lee Bernard (Morris), the named beneficiary; that the said concubine was not the wife of the insured as indicated in the policy; that at the time of insured's death, the insured was living in concubinage with one Augustine Parker or Morris; that, because of that fact, Anna Lee Bernard (Morris) had no insurable interest in the life of the insured, not being his wife, and that she, the plaintiff, being the lawful wife of insured, is alone entitled to recover the proceeds of the policy.

An exception of no cause or right of action, with answer, was filed by the named beneficiary. The subject-matter for adjudication was then submitted to the court on a rule for judgment by the named beneficiary on the face of the papers.

There was judgment sustaining the exception of no cause or right of action, and ordering the proceeds to be paid to the named beneficiary Anna Lee Bernard (Morris); hence this appeal.

In determining the correctness of the judgment sustaining the exception, all facts well pleaded are taken as true and proven. According to plaintiff's petition, she admits that Anna Lee Bernard (Morris) is designated as beneficiary, with the qualification as "(wife)." The only way plaintiff can recover is to show that she was intended as beneficiary and to prove that a mistake had been made in the name and identity of the beneficiary, but she has ·not alleged that there is a mistake in the name or identity of the beneficiary; therefore, evidence along that line would be inadmissible. Had the insured desired to name plaintiff as beneficiary, undoubtedly he would have given her full name; but plaintiff clearly and unequivocally alleges that Anna Lee Bernard (Morris) is the party named as beneficiary. Under her pleadings, she could not substitute herself as beneficiary for the one named in the policy.

The plaintiff relies upon the case of Continental Bank & Trust Company v. Sovereign Camp, W. O. W., 169 La. 989, 126 So. 502, 503, and strongly argues that that decision is decisive of the issues of the case at bar. In that case, the insured, E. L. Harper, Jr., had designated as beneficiary "Mrs. E. L. Harper, Jr., bearing relationship to me as wife," and not giving the maiden name of the said Mrs. E. L. Harper, Jr. At the time of the said designation, the Mrs. E. L. Harper, Jr., was Mrs. Martha Ratcliff Harper, Jr. Subsequently, Mrs. Martha Ratcliff Harper, Jr., died, and thereafter, Mr. E. L. Harper, Jr., remarried. At his death, his second wife, his widow, claimed the proceeds of the life insurance policy. In that case, the Supreme Court, 169 La. 989, at page 994, 126 So. 502, 504, held that the "designation in the certificate of Mrs. E. L. Harper, Jr., as the beneficiary thereunder, was the designation of a specific person, for it cannot be gainsaid that, at the time the certificate was issued, Mrs. Martha Ratcliff Harper, Jr., was the same person. who was also known and designated as Mrs. E. L. Harper, Jr.," and which designation was not intended as in favor of the second wife of E. L. Harper, Jr. In the case at bar, we have a specific person being designated. We find no consolation for plaintiff in the case cited, but to the contrary, the case supports the contention of defendant Anna Lee Bernard (Morris). The intention of the insured in the case at bar is too plain to warrant further discussion.

Plaintiff further seeks to defeat the right of defendant Anna Lee Bernard (Morris) to recover the proceeds, on the ground that she was the concubine of the insured, and that she had no insurable interest in the life of the insured.

Both of these contentions have been decided adversely to the plaintiff.

There is nothing in our law to prevent a person from taking out a policy on his own life, paying the premium,

and name as the beneficiary thereon any person whomsoever he may choose. As stated in the case of N. Y. Life Ins. Co. v. Murtagh, 137 La. 760, 69 So. 165, 167, "The insurance of one's life for the benefit of another having no insurable interest therein is not contrary to public policy"; citing with approval many decisions.

Neither is there any prohibition in our law against a man taking out insurance on his own life in favor of a concubine. The latest expression of the Supreme Court, and in which the former jurisprudence was reviewed, is found in the case of Sizeler et al. v. Sizeler, 170 La. 128, 127 So. 388. In that case the Supreme Court decided that the "rules of Civil Code relating to donations inter vivos and mortis causa have no application as respects life insurance policies," and that "where a concubine is named beneficiary in a life insurance policy, the result is not a donation mortis causa within meaning of Rev. Civ. Code, art. 1481, relating to donations mortis causa between those living in open concubinage."

We find no error in the judgment of the lower court.

Judgment affirmed.