Reid & Reid, of Hammond, for appellant.

Rownd & Tucker, of Hammond, for appellee.

DORE, Judge.

George Bankston, the deceased, was married to Golda Albin, and had two minor children, issue of that marriage. He was divorced from his wife in 1933, and lived in open concubinage with one Hattie Tarver until his death on June 21, 1934. He was a veteran of the World War and held an adjusted service certificate in which his wife Golda Albin Bankston, was originally named beneficiary, and on which certificate there is a balance due of some six or seven hundred dollars. The deceased also owned 20 acres of land, valued at $280; farm implements and household goods valued at $120.

On June 18, 1934, just prior to his death, the deceased made a will in nuncupative form by private act, in which he left one-half the amount due on his bonus certificate to his concubine, whom he called Hattie Bankston, born Tarver, and one-fourth each to his two minor children. He declared that the 20 acres of land was community property, one-half of which was to go to his divorced wife, Golda Bankston, one-fourth to Hattie Tarver, his concubine, and one-eighth each to his two minors. No disposition is made in the will of the household goods and the farm implements. The deceased appointed Hattie Tarver, whom he designates as Mrs. Hattie Bankston, as executrix of the will, with full seizin and without bond.

The named executrix applied to have the will probated and was met with an op-

## Succession of BANKSTON.

### No. 1579.

Court of Appeal of Louisiana. First Circuit.

March 23, 1936.

position by Mrs. Golda Albin Bankston, who had married one George, and who appeared as tutrix of the two minors. The opposition is based on the ground that the disposition of the property left by the deceased to his concubine is prohibited by law, and should be restricted to one-tenth of the movables; and, in event the court should probate said will, that the executrix be required to give bond to protect the interest of the minors.

Judgment was rendered recognizing the will as being in due form and as effecting a legal change in the beneficiary named in the adjusted compensation certificate from the former wife to the said Hattie Tarver and the two minors in the proportion of one-half to said Hattie Tarver and one-fourth each to the minors; and reducing the bequest to Hattie Tarver in the estate to one-tenth to be paid out of the moveables. The tutrix has appealed.

As there appears to be no serious question as to the formality and proof of the will, it becomes necessary to determine the effect of the will.

■ Did the bequest in the will of the balance due on the adjusted service certificate have the effect of changing the beneficiary therein from Golda Bankston, the divorced wife, to Hattie Tarver and the two minors? Under the World War Adjusted Compensation Act of May 19, 1924, as amended (38 U.S.C.A. § 591 et seq.), the veteran may name the beneficiary in the certificate, and may, from time to time, with the approval of the director, change such beneficiary. Our opinion is that the deceased veteran, in this case, had a right to change the beneficiary in the certificate as he did in the will. In our opinion, the contention that the deceased could not make his concubine, Hattie Tarver, a beneficiary of the certificate by reason of the prohibition in article 1481 of the Civil Code, is not well founded. There is no law in this state to prevent a man from naming his concubine as the beneficiary in an insurance policy on his life. Sizeler v. Sizeler, 170 La. 128, 127 So. 388; In re Sun Life Ins. Co. (Appeal of Robinson) 155 So. 399 (La.App.); N. Y. Life Ins. Co. v. Murtagh, 137 La. 760, 69 So. 165; Morris v. Providential Life & Acc. Ins. Co. (La.App.) 162 So. 443. Opponent cites us the case of New York Life Ins. Co. v. Neal, 114 La. 652, 38 So. 485, in substantiation of her posi-tion to the effect that the law prohibits the naming of a concubine as beneficiary. This case has been overruled by the Supreme Court in the case of Sizeler v. Sizeler, cited supra.

Therefore, in so far as the deceased veteran is concerned, the will has the effect of making Hattie Tarver a beneficiary in the certificate to the extent of one-half of the balance due, and the two minors beneficiaries for the other half.

■ The only other disposition in the will in favor of Hattie Tarver, the concubine, is a one-fourth interest in the 20 acres of land. Under the plain provisions of article 1481 of the Civil Code, prohibiting the bequest of immovables to a concubine, this disposition cannot stand. It is null in its entirety. The article further provides that, "if they make a donation of movables, it can not exceed one-tenth part of the whole value of their estate." There is no attempt to dispose of the movables in the will, and we are powerless to do so.

The judgment did not pass on the proposition to the appointment of Hattie Tarver as executrix without bond and with full seizin as provided for in the will. Opponent is entitled to have this question adjudicated.

■ We see no reason why Hattie Tarver should not be permitted to qualify as executor under the will. The judgment should have so decreed. But, as the minors have an interest in the succession, they should be protected by a bond on the part of the executrix. See Civil Code, art. 1677. These minors are owners of specific property and the sum coming to them by virtue of disposition of the will. The amount of the bond should be a sum exceeding one-fourth over and above the amount of the inventory.

For these reasons, we have to amend and recast the judgment.

It is ordered, adjudged, and decreed that the last will and testament of the deceased, George Bankston, dated June 18, 1933, in nuncupative form by private act, be admitted to probate and execution thereof take place according to law, that Hattie Tarver be confirmed as executrix of said will, and that letters issue to her as such upon giving bond in sum exceeding by one-fourth over and above the amount of the inventory, and upon her taking the required oath, all in accordance with law.

902

It is further ordered, adjudged, and decreed that the change of beneficiary in the adjusted service certificate from Golda Bankston to Hattie Tarver and the minors Loyd and Earline Bankston as set forth in the said will be recognized and confirmed, and, accordingly, that the said Hattie Tarver be decreed entitled to one-half of the proceeds of said certificate and the minors the other half in equal parts; and that the bequest of a one-fourth interest in the immovables described in the inventory to Hattie Tarver be, and the same is hereby, declared null and void and of no effect. As thus amended and recast, the judgment is affirmed; cost of appeal to be paid by appellee.

Amended and recast