Juanita B. MITCHELL et al., Appellants,

v.

Minerva K. MITCHELL, Appellee.

No. 15538.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Nov. 28, 1969.

Rehearing Denied Dec. 31, 1969.

Bernard & Bernard, Donald R. Bernard, Joy F. Vandervort, Houston, for appellants.

Orrin H. Bonney, Houston, for appellee.

BELL, Chief Justice.

Appellant, Juanita Mitchell, the former wife of Clifford E. Mitchell, deceased, suing individually and as next friend of two minor children born to her marriage with said deceased, sought to recover from Metropolitan Life Insurance Company and Minerva K. Mitchell the proceeds of a group life insurance policy issued to Clifford E. Mitchell as an employee of the United States Post Office Department. The policy was in the amount of $20,000.00 and was issued pursuant to the Federal Employees Group Life Insurance Act of 1954. (5 U.S.C.A., Sections 2091 et seq., now Sections 8701 et seq.). She was joined by three adult children born to the marriage. Juanita's marriage to Clifford was terminated by divorce. Thereafter, Clifford married Minerva and was married to her when he died. In his policy of insurance Clifford made no designation of a beneficiary. Minerva claimed the proceeds as his widow. Metropolitan tendered the money into court. The appellee and appellants filed motions for summary judgment. Appellants' motion was overruled and that of appellee was granted.

It appears from the record that Juanita and Clifford were married in 1942. To that marriage five children were born. This marriage was terminated by divorce in July, 1965. The divorce decree made no mention of the insurance policy. When the Federal Employees Group Insurance Act of 1954 became effective Clifford was an employee of the Post Office Department. He took out insurance in the amount of $20,000.00 pursuant to his rights under the Act and a certificate was issued to him. The premiums were paid by payroll withholdings. The premiums were thus paid, up to the time of the divorce, from the community of Clifford and Juanita. After Clifford's marriage to Minerva in January, 1966, the premiums were paid from their community until his death in January, 1968.

The Act did not require, but it permitted, the designation of a beneficiary. Section 4 of the Act of 1954 (5 U.S.C.A., Section 2093) provided as follows:

"Any amount of group life insurance * * * in force on any employee at the *date of his death* shall be paid, upon the establishment of a valid claim therefor, to the person or persons *surviving at the date of his death*, in the following order of preference:

"First, to the beneficiary or beneficiaries, as the employee may have *designated by writing* received in the employing office prior to death;

"Second, *if there be no such beneficiary*, to the widow or widower * * *;

"Third, if none of the above, to the child or children of such employee and descendants of deceased children by representation; * * * *"

There are fourth, fifth and sixth categories, but they are not applicable here. (All emphases, unless otherwise stated, are ours)

The certificate issued to Clifford under the heading "Who Receives Your Death Benefits" provides as follows:

"You do not need to name a beneficiary if you are satisfied to have the death benefits of your insurance paid in the order of precedence noted below. *If you are survived by a* designated beneficiary, the benefits will be paid to the bene*ficiary*. If there is no designated *beneficiary surviving*, the benefits will be paid to your widow or widower under category (1); and if you have no survivor falling in category (1), the benefits will be paid to the survivors falling in category (2); and so on, as necessary, to the other categories."

Then are listed the categories, category (1) being widow or widower, category (2) being child or children. Then follow categories (3), (4) and (5).

There is then this provision in the certificate with regard to *naming* a beneficiary or *changing* the designation:

*"If you want to name a beneficiary or change the designation, you can do so by filing a written notice, signed and witnessed, with your employing office which can supply appropriate forms for this purpose. * * * You do not need the consent of anyone to change your beneficiary. To be valid, your designation or change of beneficiary must be received by your employing office before your death."*

In 1966 the Act was amended and is now carried as U.S.C.A., Section 8701 et seq. The changes made that are material here were in 5 U.S.C.A., Section 2093 dealing with the order of precedence in the payment of death benefits. Paragraph (a) of 8705, that was in effect at the time of Clifford's death, reads the same as Section 2093 except that it provides that the first order of payment shall be to the beneficiary or beneficiaries designated by the employee "in a signed and witnessed writing received before death in the employing office." The old act had merely used the term "designated by a writing." A further paragraph was made by the addition of this sentence: "For this purpose, a designation, change or cancellation of beneficiary in a will or other document not so executed and filed has no force and effect."

Appellants assign five points of error, contending in substance that the trial court erred in granting appellee's motion for summary judgment for the following reasons:

1. The record conclusively showed Juanita was the rightful beneficiary because she was the "widow" of the deceased within the contemplation of the policy.

2. Under her alternative pleading she was the donee of the policy because after she was divorced from deceased he came to their home to get his personal papers and refused to take the insurance certificate that she handed him. He told her it was hers for her and the children and she should get the insurance as there was "nothing else to do." Later in December, 1967, when she asked about the insurance he stated to her the insurance was just like it was, that he had never made any change in it and if he did he would let her know. He never did let her know of any change.

3. Juanita had a community interest in the proceeds because there was no disposition of the policy at the time of the divorce.

4. There was a genuine issue of material fact as to whether she was the donee of the policy, or, alternatively, whether decedent's action showed she was in fact the beneficiary.

5. The record showed that Clifford had never changed the beneficiary to anyone after the divorce.

In addition to the facts established by the record, that we have heretofore recited, it appears that the policy represented term insurance. It had no cash surrender value and the insurance policy was not assignable. Neither did it have any loan, paid-up or extended insurance value. It had no monetary value at the time of the divorce. The insured alone had the right to change the beneficiary.

We overrule appellants' points of error and affirm the judgment of the trial court in awarding the proceeds to Minerva as the widow of Clifford.

▆▆▆ Juanita was never the widow of Clifford and she was never a designated beneficiary within the meaning of the quoted Federal statute. This statute is controlling. Congress clearly intended to distinguish in its terminology between the named "beneficiary" and the automatic provisions referring to the widow as being entitled to the proceeds if no beneficiary were named. The insurance policy having been made available to Federal employees

by Federal legislation the construction of the statute is a question of Federal law. Sears v. Austin, 292 F.2d 690 (Ct.App. 9th Cir.).

The statute prior to its amendment in 1966 provided in the order of precedence for payment that payment would be made first "to the beneficiary or beneficiaries as the employee may have *designated by a writing received in the employing office.*" There was an administrative regulation and policy provision that provided in substance that for there to be a "designated beneficiary" the insured should secure the proper form to be executed from the U. S. Civil Service Commission. It was also provided that "to be valid your *designation* or *change of beneficiary* must be in writing, *signed and witnesses* and received by the Commission." The certificate issued to the employee contained the above information.

With the above state of the statute, policy and regulation, in 1961 a case came before the United States Court of Appeals for the Ninth Circuit in which no witnessed writing designating a beneficiary had been filed with the Commission or insurer. However, in his holographic will insured had designated Karen Austin as beneficiary. His two children, who came in the second category of persons to receive the proceeds, sought to recover, as did Karen. The children contended there was no valid designation of Karen as a beneficiary because the above regulation and policy provision had not been complied with. The court held the regulations and policy provision were purely administrative regulations for the protection of the insurer which had tendered the money into court. It then held the holographic will sufficed to show Karen was the intended beneficiary and allowed her to recover. Sears v. Austin, supra.

In 1964, in the case of Breckline v. Metropolitan Life Insurance Company, 406 Pa. 573, 178 A.2d 748, 2 A.L.R.3d 1135, the Pennsylvania Supreme Court refused to follow the holding in the Sears case, that there had been a valid designation of a beneficiary. Mrs. Steel, the wife of the employee at the time of his death, claimed under 5 U.S.C.A., Section 2093, as his widow. The insured had never made a designation in writing *received by the employing office prior to his death.* However, shortly before his death he had executed a writing designating Mrs. Breckline as beneficiary. He had also written the insurer for forms to designate a beneficiary. He died prior to receiving them. The executed writing designating Mrs. Breckline beneficiary stated it was his intention that the instrument be effective immediately. The trial court held the writing sufficient to comply with the statute and showed his intention to make Mrs. Breckline beneficiary. The Court of Appeals held the provision that the designation be in writing and filed with the employing office before death was statutory and must be followed.

With this conflict of decisions existing Congress amended the statute by expressly providing in Section 8705, under the first category for payment to the beneficiary or beneficiaries, that such a beneficiary must be designated by the employee in a *signed and witnessed* writing received before death in the employing office. It will be noted that the italicized words *"by writing"* previously noted were contained in the old statute.

Also, the following sentence was added to the paragraph dealing with payment to a designated beneficiary: "For this purpose, a designation, change or cancellation of beneficiary in a will or document not so executed and filed shall have no force and effect."

In connection with the proposed change, the House and Senate Post Office and Civil Service Committees made reports. See House Report No. 508, and Senate Report No. 1064, Congressional Record Vol. 111 (1965) and Volume 112 (1966). In the reports the Committees took note of the

Sears and Breckline cases. The reports then state the following:

"To clarify Congress' intent H.R. 432 rewrites Section 4 to state clearly that the order of precedence set out in that section shall prevail over any extraneous document designating a beneficiary unless the designation has been properly received in the employing office or by the Civil Service Commission."

■ The effect of the amendment was to make statutory the requirement that a designated beneficiary must be a person named in a signed and witnessed writing received in the employing office or the Civil Service Commission. Congress clearly intended to adopt the holding in the Breckline case. See also Stribling v. United States of America and Georgia Mae Stribling, 293 F.Supp. 1293 (U.S.D.C. for E.D. of N.C.). n. w. h.

None of the appellants was ever a designated beneficiary. They could have been only by Clifford's having complied with the provisions of the first paragraph of Section 8705. He in no way attempted to do so.

It is especially noted in Section 8705(a) in the first paragraph that "insurance in force on an employee at the *date of his death* shall be paid, * * * to the person or persons *surviving at the time of his death* in the following order of precedence." Then follows the order set out above. The statute enumerates the various classes to whom the insurance shall be *payable at the employee's death*. Payment, in the absence of a designated beneficiary, is to a person who comes within one of the other categories at the employee's death. This is when the policy matures and becomes payable.

In the case of Schurink v. United States et al., 177 F.2d 809, the U. S. Court of Appeals for the Fifth Circuit, had a case involving who was the beneficiary of a policy issued under the National Service Life Act. The Act is comparable to the Act we construe in the particular we note. The deceased had named his wife beneficiary. Prior to his death the marriage was terminated by divorce. The former wife claimed the proceeds. To recover she, under the Act, must have been his widow. The Court stated as follows:

"The words 'payable' and 'widow' * * * in the * * * statute do not refer to the status of the beneficiary at the time the policy * * * is issued and the beneficiary is designated, but are clearly applicable to the status of the beneficiary when the policy matures and becomes due and 'payable'."

The Court held the divorced wife was not the deceased's widow.

■ To us the term "widow" clearly means the woman surviving on the death of the man to whom she was legally married at the time of his death. See the following additional cases: Brinson v. Metropolitan Life Insurance Company, 226 F.Supp. 94 (U.S.D.C., E.D.N.C.); Dillard v. Dillard, 275 F.2d 878 (Ct.App., Dist. of Columbia); Johnson v. Davis, 198 S.W.2d 129 (3rd C.C.A.), n. r. e.; Continental Bank & Trust Co. v. Sovereign W. O. W., 169 La. 989, 126 So. 502; Parsons v. Parsons, 70 Colo. 154, 198 P. 156; New Jersey Title Guarantee & Trust Co. v. Perry, 115 N.J.Eq. 8, 170 A. 34; Dahlin v. Knights of Modern Maccabees, 151 Mich. 644, 115 N.W. 975.

■ The appellants were entitled to no part of the proceeds under the facts of this case on the theory that such proceeds were community property. At the death of Clifford, Minerva was his wife and on his death became his widow. She was, therefore, the statutory beneficiary. When Juanita was divorced she would have been only entitled to her portion of any cash surrender or loan value. Herring v. Blakeley, 385 S.W.2d 843 (S.Ct.). The policy had no value at the time of the divorce.

Affirmed.