BONNER & SMITH *v.* CHAS. A. BROWN.

Where the recital in an attachment bond, showed the suit to have been brought in the Commercial Court, which court was not in existence at the date of the bond. *Held:* That the error is fatal.

A party's appearance by attorney to move for the dismissal of an attachment and to except to the jurisdiction of the court over him, cannot be construed into a submission to the jurisdiction.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *Eggleston*, for plaintiff. *Olcott*, for defendant and appellant.

SPOFFORD, J. This suit commenced by an attachment against the property of the non-resident defendant.

The defendant was never personally cited.

A curator *ad hoc* was appointed to represent him.

Afterwards, to wit: on the 22d March, the defendant appeared by his attor-   <span>Bonner<br>v.<br>Brown.</span>
ney, *E. Mount*, and took exception to the suit and prayed for its dismissal be-
cause there was no service of citation on the defendant and no seizure of effects
of the defendant; at the same time, he took a rule on the plaintiffs to show
cause why the attachment should not be set aside, because the recital in the
bond showed the suit to have been brought in the Commercial Court, which
said court was not in existence at the date of said bond.

On the trial of the exceptions and rule, which were taken, submitted and de-
cided together, the attachment was properly dissolved for the fatal error in the
bond, but the exceptions to the jurisdiction were dismissed, and the defendant
was ordered to answer over, because, as the District Judge stated in his
reasons, "the exceptions were cured by the appearance of the defendant by
his attorney *E. Mount.*"

But hitherto, the attorney had only appeared for the purpose of excepting to
the jurisdiction of the court and taking a rule to dissolve the attachment; and
the attachment having been dismissed, the exception should have been sustain-
ed. The defendant was not in court by seizure of his property, by personal
citation, or by a voluntary appearance to answer to the suit.

A party's appearance by attorney to move for the dismissal of an attach-
ment and to except to the jurisdiction of the court over him, cannot be con-
strued into a submission to the jurisdiction.

As the defendant afterwards answered under protest, reserving his plea to
the jurisdiction upon which he still resists, we think he is entitled to relief.

It is, therefore, ordered that the judgment of the District Court be reversed,
the exception to the jurisdiction sustained, and the suit dismissed, the plaintiffs
paying costs in both courts.