## No. 11,456.

### R. B. HOLLINGSWORTH VS. ATKINS BROTHERS.

The unsworn declaration of a partner reduced to writing some time after the transfer (the partner testified in the case and said nothing of additional interest included in the transfer) will not be admitted in evidence, to add to or to explain the terms and conditions of the contract of lease transferred.

·On the dissolution of a provisional seizure for informality the plaintiff owes actual damages caused by the wrongful issue of the writ.

·The citation was addressed to the defendant partnership.

It was served on one of the partners, as if the partnership was a commercial partnership. It was not a commercial partnership *quoad* the lease to them of immovable property.

·One of the partners bonded the property (provisionally seized) in the name of the partnership and received and disposed of the property in the name of the partnership.

··The partnership is no longer in a position, legally, to invoke the want of citation of one of the partners.

The real property leased to a commercial partnership creates *quoad* that property a joint and not an obligation *in solido.*

The transfer of a lease without stipulation does not carry with it other rights than those stated in the contract.

The testimony to prove the number of acres leased is conflicting. The weight of the testimony supports the jury's verdict.

The lessor must bear the expense of extraordinary repairs rendered necessary by an overflow.

·The inundation of the land was not unprecedented and gives no cause for reduction on rent account.

Proof fails to establish an amount of assessment for taxes reduced, of which the defendant claims the benefit.

APPEAL from the Ninth District Court, Parish of Red River. *Hall, J.*

*J. C. Egan* for Plaintiff and Appellant:

The objection to citation in a suit commenced by conservatory process is waived by bonding the property. Cross on Pleadings, p. 165, Sec. 170; Bush vs. Dewing, 24 An. 272.

The bonding of property attached was giving an effect at least equal to an appearance curing a defective citation or absolute want of citation. Williams *et al.* vs. Gilkerson-Schloss Commission Company, 45 An. 1013.

The map of a surveyor made from an *ex parte* survey may be received in evidence as a memorandum from which he can testify.

The unsworn interpretation of a written transfer, made several years previous, which interpretation was made, written and signed

several years after the transfer, is not admissible in evidence, when the party who signed it is present and sworn as a witness.

Commercial partners are bound *in solido* for the debts of the partnership.   C. C. 2873.

They (particular partners), in order to entitle them to the protection of this rule of law (that is, not to be bound by the acts of particular partners), must not do, or consent to nor suffer anything to be done, which may hold them out to the world as general partners; and it would always be prudent and proper to give public notice to the community that the partnership is special and of the particular species or traffic to which it is confined. Smith on Mercantile Law, p. 73.

If the partners are privy and silent and permit him to go on dealing in this way without giving notice, the question will be whether subsequent approbation is not equivalent to previous consent. Story on Partnership, note p. 212.

A debtor can not repudiate a contract of which he retains the fruits. 36 An. 259.

Though a partnership engaged strictly and solely in the business of farming by raising the products of the farm has no occasion to draw bills of exchange, and one partner can not bind the rest by such bills, it is otherwise when the firm is engaged in conducting a saw-mill and buying and selling lumber. In such cases the firm is properly a trading partnership, and can bind each other by drawing bills of exchange.   22 Howard U. S. Rep. 265.

Damages for the wrongful issuance of a writ of provisional seizure will not be allowed when the seizing creditors acted without malice and when the circumstances are such as to give probable cause for the seizure.   6 An. 402.

The substitution of the new lessee to the old one and the discharge of the latter is a novation.   14 An. 344; C. C. 2185, 2189.

The tenant of a predial estate can not claim an abatement of the rent under the plea that during the lease either the whole or a part of the crop has been destroyed by accident unless these accidents be of such an extraordinary nature that they could not be foreseen by either of the parties at the time of the contract, such as the ravages of war extending over a country then at peace and when no one entertained any apprehension of being exposed to invasion or the like. But in these cases the loss suffered must

be equal to one-half the value of the crop at least to entitle the tenant to an abatement of the rent. C. C. 2743.

An overflow on the Mississippi river is not an unforeseen event, and does not entitle the tenant to an abatement of the rent.

The periodical overflow of a river is not an extraordinary accident, and if a party seeks to give to an inundation that character he must show that it was unusual, unforeseen, and one to which the country is not ordinarily subjected. Vinson vs. Graves, 16 An. 162.

21 An. 535, in which it was decided where a plantation on Red river was overflowed that it was not an unforeseen accident, and affirms Vinson vs. Graves; also Jackson vs. Michael & Murdock, 33 An. 728.

·Overflows in the past history of this State have been frequent occurrences, and they are therefore not of such an extraordinary nature that they could not have been foreseen. J. N. Payne, Jr., vs. James & Trager; 45 An. 381.

---

*Pugh & Wilkinson* Attorneys for Defendant and Appellee:

·Citation is necessary to each member of an ordinary partnership. Process served on one member will not bring the partnership into court, and the judgment against the partner not cited is an absolute nullity. LeBlanc *et al.* vs. Marsoudet, 25 An. 464.

In a purchase of real estate by a commercial partnership, the same becomes the joint property of the partners, and, by parity of reasoning, in a lease of real estate by a commercial partnership, the same becomes the joint property of the partnership. Thomas vs. Scott, 3 R. 356; May *et al.* vs. Railroad Co., 44 An. 444.

When one member of an ordinary partnership appears and bonds the property provisionally seized, such does not cure the want of citation on the other partner not cited. Love vs. Dickson, 7 N. S. 161.

A contract of lease for a term of five years is an entity, and any over–payment for one year inures to the benefit of subsequent years.

If in the lease of a predial estate the premises have been stated to be of a greater extent than they in reality are, the lessee may claim an abatement of rent. C. C., Art. 2701.

When a loss deed is made the basis of a defence, its loss need not be advertised before it is admissible to introduce parol proof of its contents. The same is true of an administrator's bond, and for the same reason the notes of a surveyor, shown to be correct, need not be advertised as lost before introducing parol evidence of contents. Gordon vs. Penn *et al.*, 26 An. 367: Cox vs. Bradley, 15 An. 529.

On a plantation that had not overflowed as late as June since 1866, an overflow at that season of the year must be considered as unusual, unforeseen, and one to which the country was not ordinarily subjected. It is only the periodical overflow of the waters of a river that is not an extraordinary event. C. C., Art. 2743; Vinson vs. Graves, 16 An. 162.

Repairs and reconstructions rendered necessary by an overflow must be borne by the lessor. C. C. 2716-17-18, 2693-94; Payne vs. James *et al.*, 45 An. 381.

One who secures a reduction of his taxes on leased property of fifty per cent., on the condition that he will grant a reduction of rent to his lessee to the same extent, can not, after obtaining and enjoying the reduction of his taxes, refuse to comply with the condition on which it was granted. Kenner vs. Holliday, 19 La. 154; C. P. 35; C. C. 1890, 1902.

Attorney's fees are allowable on the dissolution of a writ of provisional seizure, as well as other actual damages. Fernandez & Co. vs. Miller, 26 An. 120; Barrimon vs. McFeely, 32 An. 1179.

---

The opinion of the court was delivered by

BREAUX, J. Plaintiff claims rent as lessor of a plantation on Red river known as the "Jordan Ferry" plantation.

The defendants held as transferees of Smith Bros. for the years 1891 to 1894.

For the year 1892, the defendants, after they had became transferees of the lease, executed two notes, one for the sum of two thousand and thirty-two dollars and sixty-six cents due November 1, 1892, and the other for five hundred and eighty-eight dollars due on the 30th of that month.

Prior to their maturity, the plaintiff instituted suit on these two notes and caused a writ of provisional seizure to issue.

The defendants moved to dissolve this writ of provisional seizure on two grounds.

1. That the writ issued without cause.

2. That the affidavit to the petition for the writ was made by the attorney when the plaintiff was present.

The first ground was overruled; the second was pronounced fatal to the writ; the provisional seizure was dissolved for the reason that it is only in the absence of the principal that the attorney can make the affidavit.

Atkins Bros., the defendants, obtained a release of a portion of the property seized, by executing a forthcoming bond on the 11th day of October, 1892.

A second forthcoming bond was executed on the 17th day of October and all the property under seizure was released.

Plaintiff amended his original petition and procured another writ of provisional seizure and caused the seizure of the property on which he claimed a privilege.

On the 10th day of January, 1893, the defendants executed a forthcoming bond and obtained its release from the second provisional seizure made.

Subsequently, one of the partners interposed an exception on the ground that he had not been cited.

The exception was overruled.

The defendants answered.

The case was tried by jury.

The verdict was for plaintiff against the defendants *in solido* for the sum of one thousand four hundred and seventy dollars.

After an ineffectual attempt to obtain a new trial, the plaintiff appeals.

BILL OF EXCEPTIONS.

The defendants on trial attempted to prove their right to any over-payment made of rent for the year 1890 by those from whom they leased.

To that end they offered to prove that in the transfer of the lease to them by Smith Bros. the latter intended to convey their right to claim any over-payment of rent on account of any deficiency of acreage in the year before stated.

The paper offered to prove intention was signed by a member of the firm of Smith Bros. some time after the suit at bar had been instituted.

This member of the firm had testified as a witness in the case, and said nothing about this transfer.

The court *a qua* held that, if he was to give an interpretation to the transfer different from what it showed on its face, he should give it under oath, and not by written statement.

No rule sanctions the method adopted to prove the intention of the contracting parties.

If the act needed interpretation in order to include all the rights transferred, the writing offered, being unsworn to and *ex parte*, was not admissible, for it could add nothing to the legal rights of the parties.

The ruling was correct and the document properly excluded.

The amended petition for a provisional seizure, and the second seizure made, leaves but little to discuss in matter of the dissolution of the original writ, save the damages claimed to be due because of its illegality.

ALLEGED WANT OF CITATION.

One of the defendants pleads and argues that he was not cited; that the partnership of which he was a member was not a commercial partnership, and that the service of the citation addressed to the partnership does not cure the want of citation on the partner not cited.

The defendants having, in the name of the partnership, applied to the court to bond the property, and having executed a forthcoming bond in favor of the sheriff and taken possession of the property, have cured any defect of citation, or the absolute want of citation.

Be the partnership commercial or ordinary, the fact remains that the bond was executed in the name of the partnership, to whom the property seized was delivered.

A partnership can not repudiate a bond whereby it has obtained the possession of property.

The records do not disclose that it was the act of one of the partners, as argued, but that it was the act of the partnership.

There was an appearance made in the case, by the act of bonding. It was the condition precedent to obtaining release of the property on a forthcoming bond.

Such was the ruling in a number of cases of this court. The first case being Rathbone & Co. vs. Ship London, 6 An. 439; Bush & Thompson vs. Darring, 24 An. 272; Williams vs. Gilkerson-Sloss Commission Company, 45 An. 1013.

### AN ORDINARY PARTNERSHIP.

The lease of real estate by a commercial partnership will not have the effect of binding the partners *in solido.*

The lease and the purchase of real estate are not different, in so far as relates to the extent of the ownership of the partners of an ordinary partnership. The real property bought by a commercial partnership is the joint property of the individual partners.

The same rule will apply to a lease.

The articles of the code limit commercial partnership to the purchase of any personal property and its sale; to carrying personal property for hire in ships or other vessels. C. C. 228.

In interpreting the provisions of the law relating to commercial partnerships this court has decided that the purchase of real estate is foreign to the purpose of a commercial partnership.

The reasoning which leads to this conclusion and establishes its correctness applies with equal force to the contract of lease.

The immovable property leased by a commercial partnership is held by the partnership for the purposes of the firm under conditions similar to those attending the ownership of immovable property, and ordinarily the obligations of the partners are joint.

It occurs that in the case at bar the responsibility of the lessors is not materially lessened by this joint liability.

All the property provisionally siezed was subject to the lessor's privilege.

The right is not limited by the joint responsibilty, for the lessor's privilege covers the whole property.

Even the property of third person is subject to that privilege when it is found on the property leased.

A partner whose obligation is only joint and who has furnished a release bond, to pay the judgment should he be condemned, must be held bound to an amount equal to his obligation on the bond.

Thus bound it must be of little moment to him whether the obligation is joint or *in solido.*

Moreover the judgment appealed from condemns the defendants *in solido* to pay the amount pronounced due.

The jury returned that the defendants were liable *in solido.*

Neither of the defendants has answered the appeal and prayed for the amendment of the judgment.

The judgment as to them must remain. C. P. 889.

To the amount of the judgment the question of solidarity is finally determined.

In reference to the balance due it is secured to the limit of the obligation on the bond of release.

### ACRES OF LAND LEASED.

The defendants claim in their reconventional demand a deduction for twenty-eight and three-fourths acres, alleged shortage in the number of acres for the years 1890, 1891 and 1892, at four dollars and fifty cents an acre, and a deduction for a shortage of thirty-one acres for the year 1890 at five dollars an acre.

The jury, in making up their verdict, erroneously included overpayments by Smith Brothers, transferrors of the lease to the defendants, though the court had excluded testimony offered to prove that claim.

A lease transferred will not include a right to amounts overpaid by the transferrors at the date of the transfer, unless it is expressly declared that the right is transferred with the lease.

It is a right distinct from those under the lease and not carried with the transfer of the lease without some statement to that effect.

The defendants not having been subrogated to the right, it remained with those who paid the amount without having received consideration therefor.

The right of a purchaser of a lease (without qualification), for its unexpired term, commences from the date of purchase. Walker & McVean vs. Dohan, 39 An. 745.

The over-payments made by the defendants themselves were for lease of lands for 1891 and 1892, and we are now to determine whether they should be deducted as claimed.

Regarding this area, it is proved that in February, 1892, the plaintiff and one of the defendants, for the purpose of fixing the amount of the rent notes that were executed by the defendants to the order of plaintiff, the lessor, agreed that there were four hundred and twenty-eight and three-fourths acres of land contained in the tracts leased.

Subsequently, the defendants had the lands surveyed, in order to establish the number of acres they had leased from the plaintiff.

The land was leased subject to measurement.

Hollingsworth vs. Atkins Brothers.

The surveyor, after his survey, fixed the number of acres at four hundred and seven acres and informed the defendants that that was the entire area of the leased lands. The plaintiff was not notified of the survey.

After the suit had been instituted, the plaintiff employed the same surveyor as the one that defendant had previously employed; the survey was made *ex parte*. No notice whatever was given to the defendant.

The last survey shows an increased area of twenty-eight and three-fourths acres.

We gather from the conflict of testimony that in the last survey a less number of acres was deducted as uncultivable than was deducted in the first survey.

There are sloughs and other places not cultivable in the fields, also skirt lands not cleared for cultivation.

The jury determined that the first survey was correct.

The difference is not great. It is a question purely of fact. The evidence is conflicting. The principle is laid down and generally received as correct, that where there is no decided preponderance of evidence on either side, the case depending mainly upon the conflicting testimony of the parties themselves who are equally respectable and unimpeached, the jury are the proper persons to decide between them as to whose testimony is entitled to the greatest credit and the verdict ought not for this cause to be disturbed. Proffat on Jury Trials.

There is in the case at bar a preponderance of testimony in support of the verdict. The surveyor himself does not depose that his first survey, considered correct by the jury, was incorrect. A verdict is entitled to the regard of an appellate court on questions of fact.

*The overflow.* The next item claimed in defendants' reconvention is for repairs and reconstructions on the land leased.

The testimony shows that more than two hundred and fifty dollars were expended.

During more than a month in 1892 the place was covered by water several feet in depth.

The fences, the houses and cisterns were greatly damaged and partly destroyed. Extraordinary repairs were necessary.

Subsequently these expenses were incurred by the defendant.

These improvements consisted of reconstructions and repairs not in the line of the ordinary.

They were permanent and added value to the place. The plaintiff must bear the expense of extraordinary repairs rendered necessary by an overflow.

*Alleged unprecedented overflow.* The defendants claim that in consequence of an unusual, extraordinary and unforeseen overflow they were able to grow only about twenty-five or thirty per cent. of a crop after the waters subsided and to that per cent. he asks that the rent price be reduced.

The testimony does not support defendants' contention.

Inundations of these lands were not unprecedented. Witnesses deposed that they were entirely under water during several floods in preceding years. The intervals between the overflows were not of such number of years as to afford reasons to exclude all apprehension upon the subject. The accident was not of such an extraordinary nature that it could not be foreseen, and therefore it would not justify a reduction of the rent.

The lands are on a navigable stream, which periodically overflows its banks in that section of the State.

It has never been decided by this court that the lease of lands thus exposed is subject, in effect, to the "high water clause" without stipulating that condition.

The following decisions control the case on this point: Vinson vs. Graves, 16 An. 162; Massur vs. Murray, 21 An. 535; Jackson vs. Michael & Murdock, 33 An. 728; Payne vs. James & Trager, 45 An. 381, and Art. 2743 of the Civil Code.

The defendants, in the order of their defence, next claim that the police jury having passed an ordinance, by which they reduced the assessments on all overflowed lands fifty per cent., provided that in cases of lessors they allowed a corresponding reduction in the rental; they are entitled to the bounty offered to the unfortunate land owners and lessees who were the victims of the overflow of 1892.

The records disclose that there was a reduction of the assessment made of defendant's property.

The amount of the whole assessment is not proved, nor is it established, with sufficient particularity, that reduction was made which should enure to the benefit of plaintiff's lessor.

There was an attempt made to complete the proof regarding this reduction.

Upon objection, the testimony was excluded and no bill was reserved.

### DISSOLUTION OF THE FIRST WRIT.

The plaintiffs are entitled to damages, in a limited amount, for the wrongful suing out of the first writ of provisional seizure.

The evidence satisfies us that one hundred and fifty dollars is a reasonable amount. This includes the fees of attorneys and other expenses incurred in a defence, on motion to dissolve, which resulted in a dissolution of the writ.

Though the lessor has the right to detain the property on the leased premises until the rent is paid, and the removal of it gives just cause for the writ, the law requires compliance with its terms, and if dissolved because of informality, the defendant is entitled to damages to which he has been subjected. Fleetwood vs. Dwight, 8 An. 482.

It is therefore ordered, adjudged and decreed that the judgment appealed from be amended by increasing the principal of the judgment against defendants from one thousand four hundred and seventy dollars, principal, to two thousand six hundred and twenty and sixty-six-one-hundredths dollars, with five per cent. interest on two thousand and thirty-two and sixty-six-one-hundredths dollars from November 21, 1892, and five per cent. interest on five hundred and eighty-eight dollars from November 30, 1892, subject to the following credits, viz.: Thirty dollars, an admitted error of calculation; one hundred and thirty dollars, over-payment on acreage of lands leased; two hundred and fifty dollars, for extraordinary repairs; one hundred and fifty dollars, damages caused by the illegal provisional seizure; that the defendants are bound *in solido* to the amount of one thousand four hundred and seventy dollars, and interest thereon, and jointly for the remainder due; that plaintiff's provisional seizure be sustained and his lessor's lien and privilege recognized on all the property seized, until payment of the whole amount of the rent, and that same be enforced on the whole of the property seized to the whole amount of this judgment, interest and costs.

As amended, the judgment is affirmed at appellee's costs.