# White v. Turner, Appellant.

*Bankruptcy—Preference—Equitable assignment—School board.*

The contractors for a school building gave to a subcontractor an order on the school board, which the board accepted.   Subsequently the contractors went into bankruptcy, and their trustee demanded the money represented by the order on the ground that the order was an illegal preference.   The board paid the money into court.   A feigned issue was framed between the subcontractor as plaintiff, and the trustee in bankruptcy as defendant.   *Held,* (1) that as the board by payment into court had declined to raise questions between itself and the subcontractors, the trustee was not in a position to do so; and (2) that the only question before the court was whether the contractors were insolvent when they gave the order, and whether the subcontractor knew it at that time.

Argued Nov. 1, 1906.   Appeal, No. 103, Oct. T., 1906, by defendant, from decree of C. P. No. 1, Allegheny Co., Dec. T., 1902, No. 700, on verdict for plaintiff in case of Scott A. White v. A. M. Turner, Trustee.   Before MITCHELL, C. J., FELL, MESTREZAT, ELKIN and STEWART, JJ.   Affirmed.

Feigned issue to determine the ownership of a fund paid into court.

At the trial it appeared that Jackson & Fulton were general contractors for the building of a schoolhouse, and that Scott

A. White was a subcontractor for the roofing of the building. On October 7, 1901, Jackson & Fulton gave to Scott A. White an order on the school board for $4,000. This order was accepted. Within four months from the giving of the order Jackson & Fulton went into bankruptcy, and A. M. Turner was appointed their trustee. The latter demanded the amount of the order from the school board, but was refused. The board paid the money into court. At the trial counsel for plaintiff offered in evidence the records of common pleas court, No. 3, at No. 266, February Term, 1903, in the case of Scott A. White v. The Homewood School Board on this order, for the purpose of showing that the result of this conditional order was litigation against the Homewood School Board.

Objected to as incompetent and irrelevant.

Objection sustained and bill sealed for defendant. [2]

Mr. Dalzell : I propose to show by witness that he had a contract for the roofing of the Homewood school, and further, that he completed that contract. That he received an order from the parties with whom he had the contract on the school board for the contract price of the roof ; that the order was presented to the school board and by it accepted. And I propose to offer in evidence the contract between this witness and Jackson & Fulton, the general contractors, as well as the accepted order. This for the purpose of showing Mr. White's right to the fund which has been paid into court.

Objected to first, as incompetent, irrelevant and immaterial generally. Second, it sets up a new contract between the school board and the plaintiff that is without consideration, and which by the pleadings has been the cause of litigation against the school board. The school board had no authority to make the contract, and its acceptance, therefore, was ultra vires and void. Third, because under the pleadings the offer raises a mixed question of law and fact, and is, therefore, too general.

Objection overruled and bill sealed for defendant. [3]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1) in refusing binding instructions for defendant, and (2, 3) rulings on evidence, quoting the bill of exceptions.

*Robert B. Ivory*, of *Ivory, Kiskaddon & Moore*, for appellant.

*R. H. Hawkins*, of *Dalzell, Fisher, Young & Hawkins*, for appellee, was not heard.

PER CURIAM, January 7, 1907 :

This was a feigned issue to determine the right to a fund in court. The general contractors for a school building made a subcontract with plaintiff for part of the work, and gave him an order on the school board which the board accepted. Subsequently the general contractors went into bankruptcy and their trustee demanded the money for plaintiff's work on the ground that the order was an illegal preference. The board paid the amount into court. The questions of consideration and of a new contract by the board, ultra vires, argued by appellant are not in the case. The board by payment into court declined to raise them and the appellant is not in position to do so. And the evidence as to litigation against the school board was irrelevant for the same reason. At the trial, therefore, there was nothing in issue but the alleged illegal preference. That depended on whether the contractors were insolvent when they gave the order, and whether plaintiff knew it at that time. The jury found these facts in plaintiff's favor.

Judgment affirmed.