On Application for Rehearing.
 

 PER CURIAM.
 

 In our opinion herein we said:
 

 “The motion to dissolve the attachment was filed at the same time and was included without reservation in the plea to the jurisdiction. The defendant thereby submitted to the jurisdiction. ' ■
 

 “A defendant cannot disclaim or deny jurisdiction ratione personas, and at the same time and in the same exception and without reservation invoke the action of the court on other matters involved in the suit.”
 

 The exception to the jurisdiction and motion to dissolve the attachment are based on the following grounds, to wit:
 

 “That exceptor, said John W. Irwin, is a resident of, and domiciled in, the city of Minneapolis, state of Minnesota, and that this court is therefore without jurisdiction herein ratione personae.
 

 “That the indebtedness claimed by the plain-1 tiff herein is unliquidated, and from the nature of the claim asserted it is evident that any amount that may be fixed upon must be conjectural, and hence ought not to serve as the basis of a positive oath, and for such reasons the writ of attachment which was heretofore issued herein was improperly issued, and that said attachment should be dissolved, and, inasmuch as the court can have no jurisdiction in this cause except such as is given because of the attachment herein, this suit should be dismissed at plaintiff’s cost.”
 

 We were in error in saying that' defendant Irwin submitted himself to the jurisdiction of the court ratione personas, because he filed the exception to the jurisdiction and the motion to dissolve the 'attachment at the same time, and without reservation. That we were incorrect in this statement appears from the following authorities:
 

 In Bonner & Smith v. Brown, 10 La. Ann. 334, a case similar in essential respects to the present one, it was said:
 

 “A party’s appearance by attorney to move for the dismissal of an attachment and to except to the jurisdiction * * * over him cannot be construed into a feubmission to the jurisdiction.”
 

 And in Billiu v. White, 15 La. Ann. 624, it was said:
 

 “The ruling of the district court was proper, for the party’s appearance by
 
 attorney, to
 
 move for the dismissal of an attachment, and to except to the jurisdiction of the court over him, cannot be construed into a submission to the jurisdiction which would authorize a judgment in personam. Davis v. Taylor, 4 Mart. (N. S.) 134; Bonner & Smith v. Brown, 10 Ann. 334.”
 

 And in Meritz v. Marks, 26 La. Ann. 740, it was said:
 

 “The defendant, H. Scott, was a nonresident and was not cited. The rule which he took to set aside the attachment on the supplemental petition was not an appearance subjecting him to the jurisdiction of the court
 
 *929
 
 on the merits. McMicken v. Smith, 5 Mart. (N. S.) 427; Bonner v. Brown, 10 An. 334.”
 

 The cases of State v. Buck, 46 La. Ann. 656, 15 So. 531, and Martel Syndicate v. Block; 154 La. 870, 98 So. 400, do not support the position that a motion to dissolve an attachment, issued against a nonresident, who was not personally cited, submits the mover to the jurisdiction of the court so that a judgment in personam may be rendered against him on the merits. In those cases, before filing exceptions to the jurisdiction ratione persons», or at the same time that they did so, the defendants therein filed other exceptions, the effect of which, by their nature, was necessarily to submit the defendants filing them' to the jurisdiction of the court personally. However, an appearance made by a nonresident, who has not been cited, for the purpose of dissolving an attachment, as we have seen, has not that effect. It is only by dissolving the attachment that the nonresident may deprive the court of the only jurisdiction that-it has apparently obtained, that is to say, jurisdiction in rem against his property, and hence the law permits him to appear and move to dissolve the writ without subjecting himself to the jurisdiction of the court in personam.
 

 While, therefore, we find it necessary to correct the foregoing error, yet there is no reason to change the decree rendered by us in any respect, for at the time the exception and the motion to dissolve were filed and tried, the proceedings against Irwin were purely in rem, and plaintiff w<as not even contending, up to that time, that they were in personam, and, since the exception to the jurisdiction in personam was inappropriate, it was not error to overrule it.
 

 Hence the purpose of this per curiam is merely to correct an error in our statement of the law. No other error appears in the opinion rendered. Therefore the application for a rehearing is denied.