The Provident Life Accident Insurance Company, hereinafter called the insurer, issued to Alonzo J. Woodson, under date of January 21, 1928, a policy of industrial insurance, calling for a death benefit of $250 and a monthly indemnity for illness or accident of $40. The beneficiary named in the policy was "Adrona Woodson — Wife of the Insured". Adorilla Woodson, the sister of the insured, brought suit in the First City Court claiming $280 which included the death benefit and $30 covering three months' disability, upon the ground that she was the person intended to be named as the beneficiary. Thereafter the insurer answered, admitting its liability to someone in the sum of $266, which amount it deposited in the Registry of the Court. Cecile Woodson intervened alleging that she was entitled to the proceeds of the policy because, while she was not exactly the wife of the insured, she was his concubine, the mother of his child and frequently referred to by him as his wife. She asked that the policy be reformed so as to declare the beneficiary to be "Cecile Woodson — Wife of the Insured" instead of "Adrona Woodson".
There was judgment below in favor of Adorilla Woodson, sister of the deceased, in the amount of the deposit, whereupon Cecile Woodson, the intervenor, appealed.
The important consideration in cases of this sort where the name of the beneficiary is not clear is the intention of the insured. Grayson v. Life Insurance Company of Virginia, La.App., 144 So. 643; Vol. 8 of Couch's Cyclopedia of Insurance Law, Page 7072.
While Alonzo Woodson had been married to a woman by the name of Antoinette Robinson, he was at the time the policy was issued, long since divorced and had not remarried any one. This fact, however, would not prevent the person named as beneficiary from receiving the proceeds of the policy since the designation "wife of the insured" is merely descriptive. Volume 29, American Jurisprudence, Sections 1285 and *Page 389 
1292. The concubine of the insured may recover on a life insurance policy in which she is named as the beneficiary. Sizeler v. Sizeler, 170 La. 128, 127 So. 388.
The intervenor herein, who calls herself Cecile Woodson, was, at the time the policy was issued and, at the time the intervention was filed, married to a man by the name of Norman Bell and since, by no stretch of the imagination, could she be said to have been designated as the beneficiary under the name of Adrona Woodson, her sole claim to recognition rests upon the relationship which she insists she sustained to the deceased and which, she says, was mistakenly referred to in the policy as "wife of the insured". In other words, the difference between a wife and a concubine is so slight as to be easily confused. This contention is obviously weak, but, weak as it appears superficially, it is much weaker when the facts in the record are critically examined.
The application for the policy is dated January 21, 1938, and the age of the beneficiary is given as forty-eight. The marriage certificate evidencing the union of intervenor, Cecile Francis, and Norman Bell, which is in evidence, shows that on November 29, 1933, the date of Cecile's marriage, she was twenty years of age, consequently, in January, 1938, she was about twenty-four, or twenty-two years younger than the beneficiary was declared to be. There are other circumstances which further weaken this weak claim. For example, according to the testimony of Alonzo's two surviving sisters and one brother, he lived continuously with them at the premises No. 418 Diana Street, where he was living when the policy was issued and where he continued to reside until a few days prior to his death, when he was removed to a hospital, whereas Cecile and several witnesses claim they were living at 1309 Teche Street. Cecile testified that she began her relationship with Alonzo in the Lenten Season, that is to say, March or April of 1938, which would be three months after the policy was issued. Nothing more need be said concerning the claim of Cecile Francis Bell Woodson.
On the other hand, we believe that Adorilla Woodson is the person intended to be designated as beneficiary under the name of Adrona Woodson, though we cannot account for "Adrona", nor the description of her as wife of the insured instead of sister. To begin with, Adorilla was forty-eight years of age when the policy was issued, which is a discrepancy of only two years, the age of the beneficiary being stated in the policy as forty-six. While Adorilla was never known as "Adrona" and never spoken of as Alonzo Woodson's wife, Alonzo had frequently told her that he had named her as beneficiary in the policy. In her own words, he said "he would will it to me". Moreover, "Adrona" and "Adorilla" could be confused, and, being Alonzo's sister, her name was unquestionably Woodson. Perhaps the insurance agent who solicited the policy took too much for granted, but, however the mistake occurred, Alonzo, when the application was written, had neither wife nor concubine, and, therefore, must have had some other person in mind. It is not too much to say that Adorilla Woodson was erroneously described as Adrona Woodson. She was Alonzo's sister, with whom he lived and to whom he had stated that he would "will" the policy.
The insurer contends that, having availed itself of the provisions of Act No. 123 of 1922, by depositing, in the Registry of the Court, the proceeds of the policy sued on, it is relieved of the payment of all costs because of the following provision of that statute (Section 6) to the effect that "the applicant depositing the money shall not be required to pay any costs in the proceedings, save the cost of service and citation on persons who do not answer the demand, and who do not make any claims upon the money so deposited."
In the case of Fulton Bag Cotton Mills v. Fernandez, La.App., 165 So. 476, a case relied upon by defendant, this court held that the plaintiff in an interpleader proceeding should recover the filing fees which it had paid. But there the proceeding was invoked by the interpleader, whereas, in the instant case, the suit had been filed against it when the provisions of the statute were resorted to.
In Richardson v. Grand Lodge No. 21, No. 7122 of our docket (unreported), and, in Nelson v. Veith, 14 Orleans App. 98, it was held that a stakeholder would be liable for costs incurred prior to the time that it deposited the funds in the Registry of the Court. While these cases were decided prior to the adoption of Act No. 123 of 1922, we believe that they are applicable here, for we find nothing in the Act of 1922 which conflicts with the holding in these cases. The language of the act relieving the interpleader of the necessity of "pay-[ing] any costs in the proceedings" means the proceedings instituted by the stakeholder *Page 390 
and has reference only to the costs incurred subsequent to the filing of such proceedings. The act does not dispense with the payment of costs incurred in a case like this, where the stakeholder has first been made defendant, and our holding is that the insurance company is liable for such costs as had been incurred up to the time the interpleader was filed.
For the reasons assigned, the judgment appealed from is annulled, avoided and reversed in so far as it orders the plaintiff, Adorilla Woodson, to pay the costs of the lower court, and it is now ordered that these costs be paid by the defendant, Provident Life and Accident Insurance Company. In all other respects the judgment appealed from is affirmed.
Reversed in part; affirmed in part.