HIGGINS, Justice.
 

 This is a contest between an alleged beneficiary of a life insurance policy and the mother, sisters and brothers, as heirs of the insured, over the proceeds of the policy in the sum of $5,000, deposited by the Insurance Company in the registry of the court under the provisions of Act No. 123 of 1922, in which proceedings the insurer cited the respective claimants to assert their rights and asked for its discharge from all liability under the policy.
 

 The defendant, Joseph Madonia, answered the interpleader petition and, as plaintiff in reconvention, alleged that the deceased intended to name him as the beneficiary of the policy.
 

 The above-mentioned relatives of the insured answered the interpleader petition and, as plaintiffs in reconvention, stated that the deceased had designated a nonexistent person as beneficiary and having failed to nominate a legal beneficiary they were entitled to the proceeds of the policy by virtue of a provision therein making the policy payable to the deceased’s estate, in default of a named beneficiary, and as the heirs of the deceased under the law.
 

 Madonia filed exceptions of no right and no cause of action to the above petition in reconvention on the ground — first, that it did not allege any facts establishing heirship or that the other claimants are the nearest heirs; and, second, that the policy provides that, if there is no designation of a beneficiary, the proceeds would be paid to the executor or administrator of the insured’s estate.
 

 The trial judge referred the exceptions to the merits and after a hearing rendered judgment in favor of Joseph Madonia. The other claimants appealed.
 

 Madonia has renewed his exceptions in this Court. . The obvious purpose of these exceptions is to defeat the claims of the mother, brothers and sisters of the deceased without having the merits of the case considered. Even if the heirs of the deceased were not before the court, it would be the duty of the judge to determine whether or not the exceptor, Joseph Madonia, is the legally designated beneficiary of the policy before ordering the payment of the proceeds to him.
 

 The Insurance Company, through the petition of interpleader, had the mother, brothers and sisters of the deceased cited as his heirs and did not ask for the appointment of an administrator of the decedent’s estate. If the petition did not set forth sufficient facts to show that these relatives are the sole and only heirs of
 
 *833
 
 the deceased, under the established jurisprudence, the court should have allowed them to amend their petition in reconvention so as to set forth these facts and treat the exceptions of no right and no cause of action as exceptions of vagueness. Reeves v. Globe Indemnity Co. of New York, 185 La. 42, 168 So. 488. Furthermore, there was uncontradicted testimony offered to show that these claimants are the sole heirs of the deceased. Consequently, the pleadings were enlarged by this evidence.
 

 The Insurance Company might have required these relatives, as heirs, to have an administrator of the deceased’s estate appointed before paying the proceeds of the policy, because the policy expressly provides that protection for the company, in order that it might not have to pay twice. However, here the Insurance Company has deposited the proceeds of the policy in the registry of the court and cited the respective claimants to assert their right against the funds, and thus it will be fully protected against dual payment. Crump v. Metropolitan Life Ins. Co., 183 La. 55, 162 So. 800.
 

 Clearly, the executor has no interest in raising the above issue because the provision in the policy requiring the appointment of an administrator to whom payment shall be made is purely in the interest of the company. 33 C.J. § 54, p. 462; White v. Turner, 217 Pa. 25, 66 A. 89; Maynard v. Life Ins. Co. of Virginia, 132 N.C. 711,
 
 44
 
 S.E. 405. It is our opinion that the exceptions are without merit.
 

 When the trial of the case opened, Joseph Madonia, realizing that the designation of the beneficiary was uncertain, attempted to offer extrinsic evidence to show that he was the party intended by the deceased as the beneficiary. Counsel for the ¿other claimants objected to the introduction of parol evidence to vary or contradict the written instrument on the ground that Madonia had failed to allege in his pleadings that there had been any mistake, error or fraud in naming the beneficiary as follows: “Father, Joe Matheot, 911 Decatur St., New Orleans, La.”, citing C.J. Sec., Vol. 32, p. 896, secs. 941, 959, 978 and Couch Cyc. of Ins. Law, Vol. 8, p. 7058, sec. 2183.
 

 The other attorneys counter by stating that the purpose of this testimony was not to vary or contradict the written instrument but to show the real intention of the deceased.
 

 The trial judge overruled the objection with the understanding that the objection and ruling would be made general and admitted the evidence.
 

 Conceding, without deciding that the testimony was admissible, a view most favorable to Madonia, we shall proceed to determine whether or not he successfully proved that he is the person referred to in the beneficiary certificate of the policy.
 

 The law is well settled that where a party claiming as beneficiary of an insurance policy does not fit the description in the designation, he has the burden of proving that he is the person referred to or intended. Couch Cyc. of Ins. Law, Vol. 8, Sec. 2189, pp. 70-73; Morris v. Equitable Life Assur. Soc., 109 Neb. 348, 191 N.W. 190. It is also well established that where
 
 *835
 
 the name of the beneficiary is not clear, the intention of the insured controls and the rules of construction of testaments will be followed as far as possible. Continental Bank & Trust Co. v. Sovereign Camp, 169 La. 989, 990, 126 So. 502; Woodson v. Provident Life & Accident Ins. Co., La.App., 5 So.2d 387; Couch Cyc. of Ins. Law., Secs. 171, 173, 306; 29 Am.Jur., Insurance, Sec. 1272.
 

 Ignatio Lamonte, an illiterate man, 41 years of age, who had been renting a room from Joseph Madonia, over the latter’s saloon at 911 Decatur Street, New Orleans, La., for $4 per month during a period of about six years, occasionally went to sea as an ordinary seaman. At other times, he worked at odd jobs. He drank and gambled at Madonia’s place of business and sometimes became indebted to him, but always paid his bills. Lamonte had not visited his relatives in a considerable period of time and was indifferent toward them. In March 1942, he was employed as a wiper on the S/S Ogontz and the Continental Insurance Company, the plaintiff herein, issued a crew war risk insurance policy on the lives of the officers and members of the crew of the vessel covering the voyage commencing March 30, 1942. The boat was torpedoed on or about May 19, 1942 and sunk, with all parties aboard being lost. The original crew beneficiary designation sheet dated March 31, 1942, and kept by the master of the vessel, went down with the ship but the photostatic copy thereof introduced in evidence lists as the beneficiary of Lamonte “Father, Joe Matheot, 911 Decatur St., New Orleans, La.”, as the party to whom the proceeds of the policy should be paid, in the event the insured lost his life. Lamonte’s father, Salvadore or Sam Lamonte, had been dead for many years at the time the beneficiary was nominated. Madonia, who was 51 years of age, was not Lamonte’s father, nor was he related to him and his (Madonia’s) home was at No. 4471 Painters Street, New Orleans, La.
 

 Madonia states that the deceased owed him $50 and promised to name him as the beneficiary of the policy. He also produced a witness who testified that Lamonte approximately from two to six months before March 30, 1942, brought him some type of insurance form and requested the witness to write thereon the name of "Joe Mandona”. There is nothing to show that the deceased ever signed the document and it was not produced. If there were such a document, it could not refer to the present policy for the reason that that policy only came into existence on March 30, 1942. Certainly, this evidence is so remote that even if the deceased had such an intention there was more than sufficient time for him to change his mind in that respect. Pape v. Pape, 67 Ind.App. 153, 119 N.E. 11.
 

 It was shown that the deceased had made an application for admission to the Marine Hospital in New Orleans in 1940 and had not only spelled Madonia’s name correctly therein but also described him by his proper relationship — that of a friend — the information being given verbally by Lamonte to the clerk there.
 

 There is no doubt that the deceased had the unrestricted legal right to
 
 *837
 
 designate any one whom he wished as beneficiary of the policy. The law placed upon him only the obligation of making his intention clear either by giving the correct name of the person or by designating the person in such a way that the court with the aid of extrinsic evidence could determine whom the person was that he intended to name. It is obvious that he did not have Joseph Madonia’s name placed on the photostatic beneficiary designation sheet, which is certified to by the master of the vessel and was forwarded to the owners of the boat. Can it be said that the insured, who was thoroughly familiar with Joseph Madonia’s name, having associated with him in a friendly way for about six years and having previously, in 1940, correctly given his (Madonia’s) full name and relationship to him as “a friend” to the authorities at the Marine Hospital, could have intended the beneficiary to be Joe Madonia, when the beneficiary certificate or sheet shows the name given as “Father, Joe Matheot”? There is neither allegation nor proof by Madonia of error, mistake or fraud. Admittedly, Madonia is not the deceased’s father, and the insured knew that his father had been dead a number of years before he sailed on the vessel. The only part of the designation of beneficiary that has any relevancy to Madonia is the name “Joe” and the address “911 Decatur St.” “Joe” is not an unusual name among Italians and “911 Decatur St.” was the residence address of the deceased, Madonia having his residence at No. 4471 Painters Street, which is a considerable distance from his place of business on Decatur Street. The surname “Matheot” and the description “father” as written in the beneficiary designation sheet cannot in any possible way be construed as referring to Joe Madonia. The Court must give effect to the intention of the deceased, if expressed, so that it could, with confidence, conclude from all the facts and circumstances that such was the intention of the decedent. However, the Court is not at liberty to base its findings upon mere probabilities and pure conjecture. Successions of Langles, 105 La. 39, 29 So. 739; Sims v. Missouri State Life Ins. Co., 223 Mo.App. 1150, 23 S.W.2d 1075; Appleman’s Insurance Law and Practice, vol. 2, § 781, page 118.
 

 We could not, after reviewing the record, reasonably say that the deceased in this case intended to designate Joe Madonia as the beneficiary of the policy. It is a fallacy to argue that since it appears that the deceased did not intend to designate any one of his relatives as the beneficiary, he intended some one to be beneficiary and that person was Joe Madonia. The mother, brothers and sisters are not claiming as beneficiary of the policy but are taking the position that in default of designating a beneficiary in such a way that deceased’s intentions are sufficiently clear to be carried out, they, by virtue of another provision in the policy, as well as the law of descent, are entitled to the proceeds of the policy. It might well be that the deceased intended to exclude his relatives from participating in the proceeds of the policy, but, the only way he could accomplish that purpose would be to legally designate a beneficiary. If a testator, who does not have forced heirs, wishes to exclude his relatives from inheriting any part
 
 *839
 
 of his estate, he must make a valid will and valid bequests to legatees sufficiently designated as such, in order that his intentions might be carried out. In the event he fails to do so, his heirs at law will inherit the property, notwithstanding his intention and purpose to exclude them. So, in the instant case, having designated a nonexistent person as was conclusively shown by the testimony of the witnesses on both sides that there was no such person as “Joe Matheot”, the mother, brothers and sisters, as heirs at law of the deceased, are entitled to the proceeds of the policy. Strange as it may seem, the naming of a fictitious or imaginary person as beneficiary by the insured is not unusual. Morris v. Equitable Life Assur. Soc. 109 Neb. 348, 191 N.W. 190.
 

 The following cases are relied upon by counsel for Madonia: Woodson v. Provident Life Ins. Co., La.App., 5 So.2d 387; Grayson v. Life Ins. Co. of Virginia, La.App., 144 So. 643; Sims v. Missouri State Life Ins. Co., 223 Mo.App. 1150, 23 S.W.2d 1075; Continental Bank & Trust Co. v. Sovereign Camp, 169 La. 989, 990, 126 So. 502, and Morris v. Providential Life Ins. Co., La.App., 162 So. 443. Each of these cases is distinguishable from the present one. For instance, in Woodson v. Providential Life Ins. Co., the court held that the deceased, who designated “Adrona” Woodson, wife as beneficiary, intended to name as the beneficiary of the policy his sister, Adorilla Woodson, and not his concubine Cecile Bell (Woodson) because, at the time the deceased made the designation, Cecile was married to one Bell and her name could not have been Woodson. In Continental Bank & Trust Co. v. Sovereign Camp, the court held that the designation of “Mrs. E. L. Harper, Jr.” meant the insured’s first wife and not his second wife, because he had not changed the beneficiary after the death of his first wife and at the time of the change of the beneficiary from his sister to his first wife, he naturally meant her and did not have in mind his second wife.
 

 For the reasons assigned, the judgment of the district court is annulled and set aside and it is now ordered, adjudged, and decreed that there be judgment herein in favor of Mrs. Annie Calderara, widow by first marriage of Sam Lamonte, and widow by second marriage of W. Williamson, Frank Lamonte, Joseph Lamonte, Mrs. Lena Lamonte, wife of Walter Boteler, and Mrs. Jennie Lamonte, wife of Edgar Danner, against Joseph Madonia, decreeing that Joseph Madonia is not the beneficiary of the policy involved herein, and that they, as the heirs of their deceased son and brother, respectively, are entitled to the $5,000 deposited in the registry of the court, in these proceedings, by the Continental Insurance Company; and that James Nolan, Clerk of the Civil District Court of the Parish of Orleans, is authorized and directed to pay unto them the said sum of $5,000 deposited herein, less such costs as may have been incurred by the plaintiff herein;
 

 It is further ordered that the demands of Joseph Madonia, in reconvention, are dismissed at his costs.
 

 ODOM, J., absent.