55 So.2d 771

**FLORIDA MOLASSES CO. v.**
**BERGER et al.**
**No. 39817.**
Nov. 5, 1951.

Nat B. Knight, Jr., Gretna, Montgomery, Barnett, Brown & Sessions, New Orleans, for plaintiff-appellant.

Guste, Barnett, & Redmann, Morris B. Redmann, New Orleans, for appellee.

McCALEB, Justice.

Plaintiff, a Florida partnership, brought this suit against Samuel Berger, A. H. Golodetz, General Molasses Company and J. M. Carras, Inc. to recover the sum of $57,575.70. It alleged that, on or about May 13 or 14, 1948, it owned and had on

board a vessel operated by J. M. Carras, Inc., enroute from Jacksonville, Florida to Puerto Padre, Cuba, approximately 191,919 gallons of molasses having a value of 30¢ per gallon; that the defendants appropriated and converted the molasses, it being taken over to the use of the defendants without petitioner's knowledge or consent; that it was subsequently commingled with molasses acquired from other sources by the defendants Berger, Golodetz and General Molasses Company and brought to the port of New Orleans where it was stored at U. S. Industrial Chemicals Inc. Tank Farm in Westwego; that all the defendants are nonresidents of Louisiana, Berger and Golodetz being domiciled in the State of New York and J. M. Carras, Inc. in England and that General Molasses Company is not organized under the laws of Louisiana nor qualified to do business in this State. Alternatively, it was averred that General Molasses Company is a trade name under which Golodetz and Berger do business.

Plaintiff prayed for and obtained the issuance of a nonresident writ of attachment and, in execution thereof, the Sheriff of Jefferson Parish seized certain molasses on the premises of U. S. Industrial Chemicals, Inc. The writ of attachment, petition and citation were also served by the sheriff on a curator ad hoc appointed by the Court and, conformable to the provisions

of Article 254 of the Code of Practice, service of the attachment and citation was also made by affixing copies of the same on the door of the courtroom of the District Court.

In due course, General Molasses Company, asserting that it is a limited partnership organized under the laws of New York and that its individual partners are domiciled in that State, specially appeared and excepted to the jurisdiction of the court ratione personae and ratione materiae. Additionally, it filed a motion to dissolve the writ of attachment on the grounds that

(a) The affidavit upon which the writ issued was defective in that it did not state the amount of the alleged debt or whether it is a solidary or joint obligation,

(b) The petition and affidavit was indefinite in that it did not show which, if any, of the defendants were indebted and in what amount,

(c) The petition failed to disclose a right or cause of action, and

(d) No citation was prayed for or issued to General Molasses Company in its proper capacity as a limited partnership.

Subsequently, General Molasses Company bonded the attachment and thereafter, following a hearing, the district judge sustained the exceptions and motion to dissolve, recalled the writ of attachment and dismissed plaintiff's suit.[1] Hence this ap-

1. Plaintiff also filed a supplemental and amended petition and obtained an alias writ of attachment. However, we find it unnecessary to consider the effect of this

We think it manifest from the foregoing statement of the case that the judge erred in maintaining the exception to the jurisdiction ratione personae filed by General Molasses Company as that company, by bonding the attachment, submitted itself to the jurisdiction of the court. Rathbone Co. v. Ship London, 6 La.Ann. 439; Succession of Baumgarden, 35 La.Ann. 127; Williams v. Gilkerson-Sloss Commission Co., 45 La.Ann. 1013, 13 So. 394; Hollingsworth v. Atkins Bros., 46 La.Ann. 515, 15 So. 77; First Nat. Bank v. Johnson, 130 La. 288, 57 So. 930, 931 and Vititoe v. Shea, 161 La. 984, 109 So. 785.

The rule is stated in First Nat. Bank v. Johnson, thus: " * * * an appearance to the suit, except for the purpose of objection to the jurisdiction, or to the process or citation, subjects defendant to the jurisdiction of the court. A defendant may, without subjecting himself to the jurisdiction of the court, come in and ask to be dispensed from answering the suit, or, in other words, decline to appear, either because the court has no jurisdiction, or because the process for bringing him into court has been faulty, and therefore insufficient; and he may also ask for the removal of the suit from the state to the federal court; but he cannot, without subjecting himself to the jurisdiction of the court, apply for any other relief than this. The property stands in the court as his representative in his absence; if he comes in and withdraws the property and puts himself in its place, he must be considered as being in court for all the purposes of the suit."

Counsel for appellee attempt to withstand the weight of the foregoing authorities by professing that there is a distinguishing feature in this case because the exception to the jurisdiction and the citation was filed before appellee bonded the property. This contention is without substance for the reason that it is the act of bonding the property which constitutes the appearance and submission to the jurisdiction of the court. The time when the appearance is made is of no importance in determining whether a waiver by appearance has taken place. An examination of the cases relied on by counsel, Bonner & Smith v. Brown, 10 La.Ann. 334; Billiu v. White, 15 La.Ann. 624 and Meritz v. Marks, 26 La.Ann. 740, has disclosed that none is authority for their contention.

The exception to the jurisdiction ratione materiae, which was sustained below, does not, in reality, present a jurisdictional question as it is based on the same grounds recited in the motion to dissolve the attachment. These challenges are directed at the sufficiency of the petition and the alleged failure of plaintiff to comply with the law in securing the writ.

We therefore consider the grounds upon which the motion to dissolve is

petition in view of our opinion that the original petition was sufficient to authorize the issuance of the writ.

peal.

founded. The last of these, regarding the sufficiency of the citation, need not be discussed since the voluntary appearance by appellee has cured any and all of the alleged defects of which complaint is made.

■■ The main contention on the motion to dissolve is that the attachment cannot stand because the affidavit upon which the writ issued fails to state the amount of the debt owed by the defendants. It is said that, since the affidavit declares that the allegations of the petition are true and correct to the best of affiant's knowledge, information and belief, reference must be made to the petition to ascertain whether the amount of the debt is set forth; that, when this is done, it is impossible to determine how much plaintiff is claiming from appellee because the petition does not show whether appellee is a debtor in solido with the other defendants or is separately indebted, either ex delicto or in quasi contract and that, furthermore, the amount of the debt is uncertain because plaintiff is claiming the value of the molasses not at the time of the conversion but as of the date upon which the petition was filed.

These postulations do not impress us. The petition alleges that the four named defendants, on or about May 13th or 14th, appropriated and converted the molasses to their own use. This is clearly a recital of fact which, if proved, would entitle plaintiff to judgment against the defendants in solido, as joint tort-feasors. We think that it would take a narrow and strained aspect of the pleading to conclude that the well-understood words "appropriate and convert" meant anything other than a wrongful or unlawful taking of another's property, i. e., a tort.

However, the reliance counsel have in the case of Breaux Bridge Lumber Company v. Hebert, 121 La. 188, 46 So. 206, decided by this court in 1908, is not misplaced as the views expressed in that decision seem to support the contentions made here. There, the court approved the dismissal of a suit on an exception of misjoinder of parties defendant because plaintiff, in alleging that defendants trespassed upon his land and cut down and removed timber, failed to specifically charge that they acted in concert. The court said that solidary liability is not to be presumed; that the presumption was that the defendants were separate trespassers and that, this being so, they were improperly joined in one suit.

We cannot attune our reasoning with that expressed in the Breaux Bridge Lumber Company case for to say that the defendants trespassed upon another's land by cutting down and removing the timber seems to us to connote joint action. Indeed, it takes no more than a casual reading of that opinion to demonstrate that the court was guided more by technical niceties of language than the substance of the claim which is opposite to the modern tendency of a liberal construction of pleadings so that the ends of justice may be

served. Reeves v. Globe Indemnity Co., 185 La. 42, 168 So. 488; Continental Ins. Co. v. Madonia, 205 La. 828, 18 So.2d 310; City of Gretna v. Gull Distilling Corporation, 207 La. 719, 21 So.2d 884; Slattery Co. v. F. W. Woolworth Co., 214 · La. 876, 39 So.2d 161. Additionally, the statement in the opinion that solidary liability is not presumed, is not wholly correct. Article 2093 of the Civil Code sets forth that an obligation in solido must be expressly stipulated and is not presumed, but it further declares that the rule ceases to prevail in cases where an obligation in solido takes place of right by virtue of law. Hence, the Court inappropriately applied the presumption against a solidary obligation forasmuch as the complaint that defendants had trespassed and removed the timber from plaintiff's land placed them in the category of joint tort-feasors, liable in solido, as a matter of law. Article 2324, Civil Code; Gardiner v. Erskine, 170 La. 212, 127 So. 604; Reid v. Lowden, 192 La. 811, 189 So. 286; Cust v. Item Co., 200 La. 515, 8 So.2d 361 and Cox v. Shreveport Packing Co., 213 La. 53, 34 So.2d 373.

■ The other argument of counsel under this specific heading is that, because the petition claims the value of the molasses at the time of the filing of suit rather than at the time of the conversion, the affidavit is patently erroneous. This contention is without weight. The amount of plaintiff's recovery is a matter which addresses itself to the merits of the case; it is totally irrelevant on a motion to dissolve the writ.

■ Other points made in the motion to dissolve have been substantially covered by what we have already said. Therefore, detailed discussion is unnecessary. However, we advert briefly to the contention made under the exception of no cause of action that the allegation that the defendants appropriated and converted the molasses is a conclusion and not the statement of a fact. It is said by counsel for appellee that the petition does not state any act upon the part of any one of the defendants which forms the basis of the charge of conversion.

We find no merit in this proposition. The charge that the defendants appropriated and converted the property is patently an allegation of fact. Albeit, we do not see how it could be more clearly asserted unless plaintiff set forth its evidence, which it is not required to do under any rule of pleading.

It is further said that the petition does not state a cause of action against appellee because it is alleged that appellee is organized under the laws of a state other than Louisiana and, alternatively, averred that General Molasses Company is a trade name under which Golodetz or Berger, or both, do business. It is argued that these claims are destructive of each other and cannot be pleaded, even in the alternative.

■■ We see nothing wrong with this alternative claim of plaintiff. It is well settled that even the most inconsistent

causes of action can be claimed in the same petition if pleaded in the alternative. Templet v. Babbitt, 198 La. 810, 5 So.2d 13; De Naupassant v. Clayton, 214 La. 812, 38 So.2d 791; Jones v. Williams, 215 La. 1, 39 So.2d 746. The alternative claim here relates solely to the status of appellee, which is alleged to be either a foreign corporation or partnership, or merely a trade name for Golodetz or Berger, or both.

We conclude that the exceptions and motion to dismiss of appellee were improperly sustained; they are therefore overruled and the writ of attachment reinstated.

The judgment appealed from is reversed and the case remanded to the trial court for further proceedings according to law and consistent with the views herein expressed. The costs of this appeal are to be paid by appellee.

HAWTHORNE, J., absent.