HAMITER, Justice.
 

 To be determined on this appeal is the correctness of two monetary claims (for services rendered) which the district court ordered paid from the assets of the estate of decedent, Aaron P. Shaddinger.
 

 On June 1, 1943, Mrs. Rose Trascher Shaddinger, the widow in community of decedent and the administratrix of his succession, filed a final account on which the following was listed as remaining:
 

 Assets .......................... $56.10
 

 Debts ........................... 16.00
 

 Amount to be distributed.......... $40.10
 

 In an opposition tendered thereto Mrs. Ida Thurber Shaddinger, the mother and an heir of decedent, alleged that the ad-ministratrix had failed to account to the court for numerous other described assets, and she prayed that the final account be ordered amended so as to list them. .
 

 Subsequently, on a joint motion of counsel for the administratrix and for the named opponent, the district court signed an order appointing Ed. J. de Verges (a certified public accountant) “as an expert to audit the accounts of the administratrix and furnish a written report thereon to the court.” As directed, the appointee made an audit and furnished a report, and thereafter he moved that his fee for services rendered be fixed at the sum of $725 and taxed as costs in the proceedings.
 

 Meanwhile, an opposition to the final account of the administratrix was also filed by J. F. Brown, he alleging himself to be a creditor of the estate in the sum of $175.
 

 Trial of the oppositions of Mrs. Ida Thurber Shaddinger and of J. F. Brown, as well as of the motion of the certified public accountant, was had; and, later, the court rendered judgment ordering the amending of the final account of the administratrix by (1) listing thereon J. F. Brown and Ed. J. de Verges as creditors of the estate for the sum of $175 and $725, respectively, and (2) including assets of $5751.65 for which the administratrix had not previously accounted. In conclusion the judgment recited:
 

 “The final account as thus amended will show assets aggregating the sum of $5807.-75; the proposed debts to be paid will aggregate the sum of $916; and the amount to be distributed to the heirs (on the basis of three-fourths to Rose Trascher Shad-dinger and one-fourth to Mrs. Ida Thurber Shaddinger) will be $4891.75.
 

 
 *617
 
 “It is further ordered, adjudged and decreed that the final account of the Ad-ministratrix as amended by this judgment be and the same is now ordered homologat-ed.”
 

 This devolutive appeal by the administra-trix was obtained and perfected only from that part of the judgment which ordered payment of the claims of J. F. Brown and Ed. J. de Verges.
 

 The claim of J. F. Brown, being for services rendered subsequent to the death of decedent, is itemized as follows:
 

 1. Assisting in the preparation of an inventory of the estate $100.00
 

 2. Preparing 1940 federal and state income tax returns 50.00
 

 3. Preparing reports on insurance, sales and use taxes affecting the business formerly conducted by decedent 25.00
 

 The record discloses that claimant Brown kept the books of decedent’s business for sometime prior to the latter’s death and for several months thereafter, he having been employed on a parttime basis, for which he was paid $20 per month. However, the services covered by the claim urged here, according to his testimony, were in addition to those required by his bookkeeping duties, and their performance was authorized either by the administratrix or her attorney. On the completion of them, he further testified, he delivered a statement listing his charge of $175 to that attorney who replied: “Leave it here and I will include it in the next accounting to the court.” The only evidence offered in opposition thereto is the testimony of the ad-ministratrix, and it is somewhat vague and indefinite. We are unable to conclude, therefore, that the district court manifestly erred in sustaining the demand.
 

 On the trial of his claim for services rendered under the court order (for auditing the accounts of the administratrix), Ed. J. de Verges testified in detail as to what the auditing consisted of and how the charge of $725 was determined. He was not cross examined, and no evidence was offered to refute his testimony. ' In fact, counsel for Mrs. Ida Thurber' Shaddinger (one of the heirs) stated:
 
 “I
 
 consider the bill very reasonable * * In fixing the compensation of an auditor of accounts for services rendered under judicial appointment the district judge is vested with much discretion. Code of Practice Article 462. There appears no abuse of that discretion with reference to the instant claim.
 

 The judgment appealed from is affirmed.
 

 O’NIELL, C. J., takes no part.