AYRES, Judge.
This is a rule in one of the several actions between plaintiff and defendant relative to a separation or divorce and settlement of the community estate formerly existing between them. Intervenor-plaintiff in rule, Heard, McElroy & Vestal, certified public accountants, appointed by order of the court April 3, 1967, to examine the books and records relating to the community of acquets and gains formerly existing between these parties, filed a rule to have its fee for the services rendered fixed in the sum of $2,122.50 and taxed as costs.
Following a hearing upon the rule, judgment was rendered fixing the fee in the sum of $240.00 plus $10.00 traveling expenses. From this judgment, plaintiff-in-rule appealed.
The question on appeal concerns the value of the services rendered by the accounting firm. In making the appointment *32 of plaintiff-in-rule, the court entered the following order:
“The accounting firm of Heard, Mc-Elroy & Vestal, of Shreveport, Louisiana, is hereby appointed to examine the books, records and accounts of the community of acquets and gains between the parties for the year 1966 and for the year 1967 to the date of the partition sale contemplated in these proceedings, the accounting to show a separate period beginning with July 24, 1966, to the date of said sale, and to report thereon at its earliest convenience, and in any event, not later than fifteen (15) days after said sale.”
A copy of the above order was attached to a letter from the clerk of court to the accountants. This letter contained the following instructions:
“This is to advise you that your firm has been appointed to examine the records and accounts of Mr. and Mrs. Patrick. We will appreciate it very much if you will contact Mr. Henry W. Bethard, III, P. O. Box C, Coushatta, Louisiana, and Mr. John S. Stephens, P. O. Box 570, Coushatta, Louisiana, Attorneys for the above captioned, for details that you may need.”
Plaintiff-in-rule contends members of its firm examined all records submitted by counsel for both parties, performed valuable professional services in accordance with the standards of their profession, reported to the court as directed, and that the statement for services rendered was reasonable and in accordance with charges generally made by certified public accountants in this area.
Plaintiff and defendant, defendants in this rule, contend the accounting submitted to the trial court did not conform to the order of the court in that the accounting was inadequate and did not cover the period delineated in the court’s order. Therefore, defendants-in-rule contend plaintiff-in-rule is not entitled to recover anything, particularly the amount as charged.
No question is presented as to the authority of the court to appoint experts and to tax their fees and expenses as costs. Ample authority is found in LSA-C.C.P. Art. 192. Moreover, an expert so appointed becomes an officer of the court from the time of his qualification until the rendition of final judgment and his discharge. LSA-C.C.P. Arts. 373 and 374. Failure, neglect, or refusal to perform the duties imposed upon an expert subjects him to punishment for contempt of court. LSA-C.C.P. Art. 375.
Experts are entitled, for the involuntary services rendered by them under an appointment by the court, to reasonable fees and expenses for their services and to have these fees and expenses taxed as costs. LSA-C.C.P. Art. 192. It must be recognized, however, that in fixing tlie compensation of experts such as the accounting firm herein, the district judge is vested with much discretion, and his determination should not be disturbed unless the record establishes an abuse of that discretion. Succession of Shaddinger, 215 La. 614, 41 So.2d 236 (1949).
With respect to the services rendered in this cause, the record reflects that upon plaintiff’s receipt of the letter and copy of the judge’s order, S. Burton Heard, a senior partner of the accounting firm, contacted the attorneys for both plaintiff and defendant. A meeting with counsel for both parties was held May 29, 1967, in the office of John S. Stephens, Esq., one of counsel, in Coushatta, Louisiana. Following that meeting, books and records contained in four cardboard boxes were secured from Patrick. These records were in a very confused and disorganized state. They were incomplete. The records were sorted out and a search was made for missing records, only a portion of which was found and produced by the litigants. Thereafter, the completion of the task, as ordered by the court, was as *33 signed to John B. Phillips, Jr., another partner in the accounting firm. Phillips supervised the performance of the duties called for in the order.
In an attempt to establish a semblance of order out of the records presented to them in a most confused and disorganized state, an effort was made to sort all paid bills in monthly intervals of time so as to better tie them in with available general records. This method, however, proved to be unreliable. Bank records were then resorted to covering a period of seventeen months. An attempt was made to audit adding machine tapes and records of receipts. It was difficult, however, to reconcile these records due to their poor condition and lack of dates. Every effort was made to obtain information upon which a reasonable report to the court could be made.
Phillips explained that the use of the date of August 1, 1966, instead of July 24, 1966, as directed in the court order, was due to the inadequacy of the records to show an accurate account for the few days intervening. Phillips and Heard testified the work was done to the best of their ability in acordance with accepted accounting practices. There is no question of their diligent efforts to provide the court with as accurate report as possible in view of the records furnished them by the litigants or their counsel.
The time sheets maintained daily show the total time consumed in the work undertaken under the court’s order to be 136.5 hours, which was charged at an average rate of $15.55 per hour. The testimony that these charges were reasonable was corroborated by Keith Kent, a certified public accountant and audit manager of another well-known firm of accountants in the Shreveport area.
Under the circumstances disclosed in this record, whatever failure the accounting firm was guilty of was due not to its fault but to the lack of proper cooperation by the litigants and their attorneys. The charges made were in accordance with the general practice of the accountants in this area. We find that plaintiff-in-rule is entitled to the amount claimed.
For the reasons assigned, the judgment appealed is amended by increasing the award to the sum of $2,122.50; and it is now ordered that this amount be, and the same is hereby, taxed as costs. The costs of this rule and proceeding are likewise assessed against defendants-in-rule.
Affirmed as amended.